(136 So. 806)

## UNITED STATES FIDELITY & GUARANTY CO. v. STATE, for Use of ALABAMA MACHINERY & SUPPLY CO. et al.

### 3 Div. 972.

Supreme Court of Alabama.

June 18, 1931.

Rehearing Denied Oct. 15, 1931.

Coleman, Coleman, Spain & Stewart, of Birmingham, and Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Hugh Reed, of Center, and F. D. McArthur, of Birmingham, for appellees.

SAYRE, J.

The question presented for decision is thus stated in the agreement between the parties: "Did the circuit court of Montgomery County, Alabama, have jurisdiction to hear and determine a suit against the surety alone upon the bond given for the performance of work to be done in Cherokee County, Alabama, given pursuant to section 28, Acts 1927, page 356, it being admitted as a fact that the surety is a foreign corporation and does business by agent in Montgomery County, Alabama, and the contract and bond were executed in Montgomery County, Alabama, and that the work was done in Cherokee County, Alabama, only; and that the contractor was a corporation organized under the laws of Florida, and not doing business by agent in Montgomery County unless the submission of original bid and executing contract and bond constituted doing business in Montgomery County, these being the only acts done in Montgomery County by the contractor?"

Subsections (b) and (e) of section 28 of the act approved August 23, 1927 (Acts 1927, p. 348 et seq.), providing a remedy for "any person, firm, or corporation supplying the contractor with labor, materials, feed-stuffs or supplies, after the complete performance of the contract," etc., reads, "and where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto." And the subsection (e) concludes: "Provided, that all actions against the surety, as provided under this section, must be commenced within sixty days after the complete performance of said contract and final settlement thereof. Any action hereunder may be brought in the county where the work was done or in any county where the contractor does business by agent."

The work for the price of which appellee interveners are seeking recovery was done in Cherokee county, and there is no room for doubt that this action might have been brought in that county. But another proper venue is provided by the statute. The alternative provision is that actions under the statute may be brought "in any county where the contractor does business by agent." We understand that by the agreement to the effect that the contractor in this cause was "not doing business by agent in Montgomery County (whence this appeal) unless the submission of original bid and executing contract and bond constituted doing business in Mont-

gomery County," the parties intended an agreement that the bid for the construction of some "public building, public work, highway or bridge" and executing contract and bond to secure the performance of same were done in Montgomery county, and, when so done, were done, necessarily, by an agent of the contracting corporation. The foregoing statement of the facts shown of record is made for the reason that the court here has before it, not a transcript of the record of the trial court, but an abbreviated statement of the effect thereof upon which the parties have agreed as provided by section 6110 of the Code. And the judgment of the court is that the facts shown by this agreement disclose a proper venue of the action and judgment here under review in Montgomery county, with result that the judgment here under review must be affirmed. We do not know what else the second alternative of the statute, quoted above, can intend. But we feel assured that from this ruling no such result may follow as appellant seems to fear when it suggests that, under this ruling, sixty-seven simultaneous or consecutive suits may be instituted against bonding companies on one bond in the sixty-seven counties of the state. The statute (subsection e of section 28) provides that "only one action shall be brought, and any creditor may file his claim in such action and be made party thereto." The statute undertakes to obviate injustice to creditors by providing further: "In all suits instituted under the provisions of this section [section 28], personal notice of the pendency thereof, informing them of their right to intervene as the court may order, shall be given to all known creditors, and in addition thereto, notice by publication * * * shall be given * * * in the county where the work or a part thereof is being or has been performed." How well this provision of the act may meet the demands of justice in all cases is a question not here presented.

Moreover, as the Chief Justice suggests:

"The defendant, the surety company, being the sole defendant and a foreign corporation was suable in Montgomery County where it did business by an agent. Section 10471 of the Code of 1923; Section 232 of the Constitution of 1901.

"We do not think that subsection e of section 28 of the Act of 1927, p. 348, requires that the suit against the surety, a foreign corporation, can only be brought in the county where the work was done or in any county where the contractor does business by agent. If it forbade a suit against a foreign corporation in the county where it did business by an agent it would violate section 232 of the Constitution of 1901." Ex parte Western Union Co., 200 Ala. 496, 76 So. 438.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

### On Rehearing.

PER CURIAM.

Upon the consideration of the rehearing in the absence of Justice SAYRE, the writer, who is absent on account of serious illness of a chronic nature, we prefer to place our concurrence in the result that the appellant was suable in Montgomery county because of doing business there by agent. Section 232 of the Constitution of 1901; General Motors Corp. v. Home Co., 218 Ala. 681, 120 So. 165; Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L. R. A. 543; Ex parte Western Union Tel. Co., 200 Ala. 496, 76 So. 438.

We do not care to commit the court to what is said in the former opinion as to the right to sue the defendant in Cherokee county in an action against it alone, such as we have here.

Application for rehearing overruled.

ANDERSON, C. J., and THOMAS, BOULDIN, and BROWN, JJ., concur.