ALMON, Justice.
This petition for mandamus raises a question of venue. The Circuit Court of Jefferson County determined that the defendant corporation was not doing business in Jefferson County at the time the cause of action arose and granted a motion to transfer.
C & G Coal Company, Inc., was incorporated in Marion County, Alabama, in 1975. It conducted strip mining in Marion and Franklin Counties from that time until its dissolution in July of 1979. On October 9, 1978, C & G Coal and its three stockholders executed an agreement of indemnity with Morrison Assurance Company, agreeing to indemnify Morrison for any expenses incurred by Morrison under bonds executed in favor of the Alabama Surface Mining Reclamation Commission. Although the indemnity agreement seems to have been executed in Marion County, the parties agree that some of the bonds were executed in Jefferson County. The bonds covered expenses for reclamation of lands mined by C & G Coal should C & G Coal not restore the land. C & G Coal did not perform adequate reclamation, and Morrison had to pay under the bonds.
On November 8, 1982, Morrison filed suit in the Circuit Court of Jefferson County against C & G Coal and its stockholders at the time of dissolution, seeking to recover losses suffered under the bonds. The defendants filed a motion to dismiss and a motion to transfer, alleging that C & G Coal had never done business in Jefferson County. The trial court granted the motion to transfer. Morrison seeks a writ of mandamus directing the trial judge to set aside that order arid enter an order holding that venue is proper in Jefferson County.
For venue to be proper in Jefferson County, it would have to be under Code 1975, § 6-3-7:
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose .... ”
C & G Coal was not doing business at the time Morrison filed suit, so the issue is whether it was doing business in Jefferson County at the time the cause of action arose.
Morrison argues that this Court, in United States Fid. & Guar. Co. v. State, 223 Ala. 411, 136 So. 806 (1931), held that a contractor was doing business in the county where it executed a bond. True, the opinion contains language stating that the contractor was “not doing business by agent in Montgomery unless the submission of original bid and executing contract and bond constituted doing business in Montgomery County.” Id., 223 Ala. at 412, 136 So. 806. Any suggestion that the contractor was doing business in Montgomery, however, was purely dictum, because the suit was against the surety which was clearly doing business by agent in Montgomery County. Indeed, on rehearing, the four Justices concurring (Justice Sayre being ill) wrote, “[W]e prefer to place our concurrence in the result that the appellant [the surety] was suable in Montgomery County because of doing business there by agent.” Id., 223 Ala. at 413, 136 So. 806.
Thus, United States Fid. & Guar. Co., supra, does not control the resolution of this case. Morrison argues that
“the provision of the venue statute should be held satisfied upon a showing that a mining entity undertook to obtain the execution of bonds and related contracts in the forum county. A corporation’s continuing promise, made originally in the forum county, should subject that corporation to venue in the forum when the agreements are ultimately broken.”
We do not find this reasoning persuasive. The “continuing promise” is not an activity which would constitute doing business by agent in the county where the bond is executed. C & G Coal maintained no office in Jefferson County, had no agent present there, and conducted none of its operations there. The indemnity agreement bears the signature of a Marion Coun *521 ty notary public, so presumably the parties executed it there. The indemnity agreement refers to the bonds, so they were in existence when the agreement was executed in 1978. Morrison refers to C & G Coal’s failure to reclaim the land as occurring after the dissolution of the corporation, so presumably the cause of action arose in 1979 or thereafter. Thus, for all the record shows, the last business done between C & G Coal and Morrison took place in Marion County.
In some cases, a continuing agreement executed in the forum county might be a proper basis for venue. In this case, however, although C & G Coal had done some business in Jefferson County, its connection to that forum is too attenuated, and the instances of doing business there are too remote, for venue to be proper there. The trial court committed no error in granting the motion to transfer, so the writ of mandamus is denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.