CARPENTER *v.* WESTINGHOUSE ·AIR-BRAKE Co.

*(Circuit Court, S. D. Iowa, E. D.    1887.)*

1. FOREIGN CORPORATIONS—SERVICE UPON.
The presence of the chief officers of a corporation in a state other than that of its creation does not change the residence of the corporation, nor does the fact that the officers carry into such state property of the corporation, for the purpose of exhibition and advertisement, bring the corporation into the state as an "inhabitant," or so that it can be said to be "found" there, within the meaning of the act of congress.

2. SAME.
The operation of a train of its cars by a foreign corporation in Iowa, for the purpose of exhibition and advertisement, when neither passengers nor freight are transported, does not come within section 2582, authorizing suits to be brought against railway companies and the owners of lines, or persons operating the same, in any county through which the line or road passes or is operated; nor does it come within section 2585, which provides that when a corporation, company, or individual has an office or agency in any county for the transaction of business, any suits growing out of or connected with the business of that office or agency may be brought in the county where the agency is located; and this is so, although the wrong complained of was the alleged infringement of a patent by such operation of a train of cars.

Suit for Infringement of Patent.    Motion to vacate service.

*Banning & Banning* and *Anderson, Davis & Hagerman*, for complainant.

*W. Bakewell, Geo. H. Christy, Nathl. French*, and *J. Snowden Bell*, for defendant.

BREWER, J., (*orally.*) Motion to set aside service on the ground that the defendant corporation is not a citizen of this state, was not an inhabitant of the state, or found within the state, within the act of congress, so as to make the service which is attempted a valid service upon the corporation. The defendant is a corporation incorporated under the laws of the state of Pennsylvania, and therefore a citizen of that state. Its chief officers were present in this state, but the presence of the officers of the corporation in a state other than that of its creation does not change the residence of the corporation. They do not carry the corporation about with them when they themselves individually pass from state to state. It further appears in this case that the defendant corporation had within this state a train of cars, its personal property, to which was attached the brake which it manufactures and sells, which train of cars and brake were exhibited and used simply for the purpose of exhibition. It is not pretended that the train of cars was run for any purpose of carrying freight or passengers. The defendant did not engage in the business of transportation. It was showing its property. It appears affirmatively that it did not make any contracts for the sale of this brake, so that all that can be said is that it was having its property in this state on exhibition, and for that purpose only. Does the fact that the chief officers of the corporation come into the state with some of its property for advertisement and exhibition bring that corporation into the state as an inhabitant, or so that it can be said to be found within the state within the act of congress? Two sections of the Iowa statute are referred to as showing that the corporation was found within the state for purposes of suit. The first is section 2582, which reads that, "action may be brought against any railway corporations, the owners of mail stages, or other line of coaches or cars, including express companies, car companies, telegraph, and canal companies, and the lessees, companies, or persons operating the same, in any county through which the line or road thereof passes or is operated." And the argument is rested upon the letter of that statute that the defendant was the owner of this train of cars; that it operated that train of cars in counties of the state. But we do not think that that is the true meaning of that statute. It refers to cases in which the owner or the lessee or the party in charge of any vehicles of transportation operates them in this state for the purpose of transportation, for the carrying on of the business of transportation, and not to cases in which the vehicles are run for personal purposes or for mere advertisements. If the section demanded or justified the construction placed upon it by counsel, then every time the New York Central Railroad, a New York corporation, should permit its president to take one of its cars and go on a pleasure trip through the state, it would be introducing that New York corporation into this state for purposes of suit.

The other section is: "When a corporation, company, or individual has an office or agency in any county for the transaction of business, any suits growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located."

And the argument says that in the county in which Burlington is situated this defendant as a corporation had an agent there, its principal officers were there, and it was transacting business, engaged in the business of showing its manufactures for the purpose of advertisement. But that, we think, is not the true import of the section. It refers to cases in which a foreign corporation establishes an agency or office in any county in this state for the purpose of carrying on the business for which the corporation is organized. If the air-brake company, which is a manufacturer and seller of brakes, establish in any county in this state an agency or office for the selling of its brakes, or a place for the manufacture of its brakes, then it would be transplanting a portion of its business to this state, and might be said to be found within the state for the purpose of suit.

Take another illustration. Suppose there was a corporation in Illinois engaged in the breeding and selling of Norman horses, and it should send one of the principal officers to this state to attend the various county fairs with some of its fine animals. In one sense it is carrying on a business, that is it is engaged in advertising, but can it be said it is engaged in the business for which it is incorporated? Can it be said to have established an office or agency in this state for the carrying on of that business? If we say that the mere matter of advertising a business is the introduction of that business in the state, it would follow that every corporation located elsewhere that should send its circulars into the state, send newspapers with its advertisement, would be engaged in its business in that state, and to be found there for purposes of suit.

The true rule is that the corporation does not come into the state, is not found in any state, unless in some way it establishes an office or agency for the transaction of the business for which it is organized, and when that is done, it has no right to say it is not found within the state. Unless it goes to that extent it may say: "I have not entered into or become a part of the citizenship or an inhabitant of that state." It was said in the argument that the very wrong complained of in this case was in the showing and operating of this air-brake upon defendant's train, and it was argued that if the corporation comes into this state for the purpose of doing a wrong, does it not also come into the state for the punishment of that wrong? And the inquiry was made by counsel, supposing this train of cars had run over a man, and killed him; if that corporation was in the state for the purpose of doing the wrong, was it not also in the state for the purpose of subjecting itself to suit for the wrong done? That does not follow by any means, neither as to a corporation or individual. An individual may be present in this state by an agent to make contracts, and yet he is not an inhabitant of or found within the state. I, living in Kansas, may send here an agent to make contracts, but it does not make me an inhabitant of this state; and, suppose I remain in Kansas, I am not found in this state. My agent may be here to make contracts, and yet not an agent upon whom process can be served. The same is true as to a corporation. It may have its agents for some purposes in the state, and yet, unless there be some statute

which compels the court to so hold, the mere fact that an agent is here, and does a wrong, does not transfer its citizenship or inhabitancy or presence so as to be considered as found within the state.

In the *Case of Telephone Co.*, 29 Fed. Rep. 17, which was before Judge JACKSON, and I believe Judge SAGE, in the lower district of Ohio, where the Bell Telephone Company, a corporation of Massachusetts, was sought to be sued in Ohio, the court lays down this: "In the absence of a voluntary appearance, three conditions must concur or co-exist in order to give the federal courts jurisdiction *in personam* over a corporation created without the territorial limits of the state in which the court is held, viz.: (1) It must appear, as a matter of fact, that the corporation is carrying on its business in such foreign state or district." The Westinghouse Air-Brake Company is engaged in the manufacture and sale of brakes. That is its business, which was not carried on in this state. "(2) That such business is transacted or managed by some agent or officer appointed by and representing the corporation in such state; and (3) the existence of some local law making such corporation, or foreign corporations generally, amenable to suit there." As we have seen, the fair construction of these sections of the Iowa statute does not remove that corporation into this state by the mere fact that it was here with its property for the purpose of advertisement and exhibition.

Entertaining these views, we are all of the opinion that the motion should be sustained.

LOVE and SHIRAS, JJ., concur.