194 So. 510

**BOLTON v. WHITE MOTOR CO.**

**6 Div. 492.**

Supreme Court of Alabama.

March 7, 1940.

McQueen & McQueen, of Tuscaloosa, for appellee.

DeGraffenried & McDuffie, of Tusca-loosa, for appellant.

BOULDIN, Justice.

Mallie Bolton brought suit in assumpsit, in the circuit court of Tuscaloosa County, against The White Motor Company, a corporation.

The defendant pleaded in abatement, alleging defendant was a foreign corporation, had qualified to do business in Alabama, with a known place of business in Birmingham, Jefferson County, and a designated agent in Birmingham, and was not doing business in Tuscaloosa County by agent when the suit was begun.

On a trial of this issue before the court without a jury the plea was sustained. Plaintiff appeals.

The evidence disclosed the following facts:

The White Motor Company is an Ohio corporation, with principal place of business in Cleveland, Ohio.

It qualified to do business as a foreign corporation in Alabama, with principal place of business in Birmingham, designating as agent, I. B. Feagin, resident in Birmingham.

His position and title was "District Manager." The business of the company, through this agency, was the sale, or promotion of sales, of trucks and busses in this district. Tuscaloosa County was within this district.

From April 5, 1937, to May 3, 1938, the business in Tuscaloosa County was in the hands of a distributor or dealer under written contract. This dealer was a purchaser for re-sale, not an agent. But Birmingham sales agents came to Tuscaloosa County at times to assist in making sales. The company, however, reserved the right to sell directly to a limited line of customers. After the termination of the distributor's contract, May 3, 1938, such business as was done in Tuscaloosa County, was through one or more agents, resident in Birmingham. No office was maintained, nor resident agent, doing business in Tuscaloosa County. It was the duty of agents in Birmingham to promote the sales business in Tuscaloosa County. In fact, the Birmingham agent went into Tuscaloosa County some two or three times a year. About July 1, 1938, on request of a former customer in Tuscaloosa County, the district manager and a sales agent went to Tuscaloosa, and took an order for a truck. All such orders were directed to White Motor Company, Cleveland, Ohio, and were subject to approval and acceptance at the home office in Cleveland, and shipment made in interstate commerce direct to purchaser. This action was brought July 25, 1938.

The return of service as of July 25, 1938, being challenged by motion to quash, alias summons and complaint were issued August 31, and served September 2, 1938, on the designated agent.

Section 232 of our Constitution declares: "No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

Our venue statute, Code, § 10471, declares: "A foreign or domestic corporation may be sued in any county in which it does business by agent, or was doing business by agent at the time the cause of action arose."

■ The Constitution is self-executing, mandatory and restrictive; limits the venue of an action against a foreign corporation which has qualified to do business in Alabama to a county where the corporation is doing business at the time of suit brought and service had. By its own force the Constitution strikes down the provision of the statute purporting to permit suits against a foreign corporation in a county where it was doing business at the time the cause of action arose. This clause of the statute is limited to actions against domestic corporations. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L.R.A. 543; General Motors Acceptance Corporation v. Home Loan & Finance Co. 218 Ala. 681, 120 So. 165; May, Sheriff et al. v. Strickland, 235 Ala. 482, 180 So. 93; Ex Parte Kemp et al., 232 Ala. 434, 168 So. 147.

What is doing business in a given state or county is a question giving rise to much litigation in this state and throughout the country. Since it involves the question of corporate presence essential to jurisdiction in a personal action a question of due process of law under the Federal Constitution often arises.

In Beard v. Union & American Publishing Company, 71 Ala. 60, it was held that soliciting and receiving subscriptions to a newspaper, published in another state, collecting and remitting the proceeds, was not doing business in Alabama, within the meaning of our constitutional provision forbidding a corporation to do business in Alabama without a known place of business and an authorized agent therein. The exercise of some of the functions for which the corporation was created was declared the test.

In the leading case of Sullivan v. Sullivan Timber Co., supra, the Beard case is reviewed with approval, and it was again declared [103 Ala. 371, 15 So. 944, 25 L.R.A. 543]: "The mere presence of an agent within the state, or within a particular county, authorized to transact particular business, not involving an exercise of the corporate powers or franchises, not a part of the business the corporation was created and organized to transact, is not within the proper meaning of the phrases 'do business' or 'does business,' as employed in the constitution and the statute. 2 Beach, Priv. Corp. §§ 416, 890; D.S. Morgan & Co. v. White, 101 Ind. 413; Clews v. Woodstock Iron Co. [C.C.], 44 F. 31; Bentlif v. L. & C. F. Corp. [C.C.], [44 F.] 667; Carpenter v. Westinghouse Air-Brake Co. [C.C.], 32 F. 434; St. Louis Wire-Mill Co. v. Consolidated Barb-Wire Co. [C.C.], [32 F.] 802; United States v. American Bell Telephone Co. [C.C.], 29 F. 17."

In International Cotton Seed Oil Co. v. Wheelock, 124 Ala. 367, 27 So. 517, a domestic corporation was buying cotton-seed, manufacturing cotton-seed products at its plant in Dallas County, and selling its products on the market. In course of business it quoted prices to brokers in Jefferson County, and, on orders through them, had made frequent sales to customers in Jefferson County, shipping direct to customers. The case involved a construction of our venue statute saying a "domestic corporation may be sued in any county in which it does business by agent." Citing the Sullivan and the Beard cases it was remarked: "It may not always be easy to distinguish between acts done in the exercise of corporate functions, and those done merely within corporate powers."

Held that sales of the products of a manufacturing company are as much an exercise of corporate functions as their manufacture; but further held that the work of the brokers in receiving and transmitting proposals between the corporation and its vendees did not constitute them agents within the meaning of the statute.

In Abraham Bros. v. Southern Ry. Co., 149 Ala. 547, 42 So. 837, 838, the question was whether the railway company, a foreign corporation, was doing business in Montgomery County at the time suit was brought. The facts found were: "That the defendant had no line of railroad in the county of Montgomery, where this action was brought, and did no business therein other than to have in the city of Montgomery, in said county, two soliciting agents —one a freight agent, to solicit shipments of freight to and from that territory, to be routed by the shipper so as to pass over defendant's lines of road outside of and beyond the limits of that county; the other, a traveling passenger agent, whose sole duty was to solicit passenger traffic. Neither of these agents were [was] authorized to enter into any contract or contracts to bind the company, nor to receive and collect money for the transportation of freight or passengers."

'Citing' all the cases we have reviewed above, it was said: "We feel constrained to' hold that the act of the defendant in constituting agents, with no power or authority to bind it, but simply to solicit traffic for it, was not 'doing business,' within the constitutional or statutory provisions."

This case is in entire harmony with Green v. C., B. & O. Railroad Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916. In the Green case the freight and passenger agents had more extended' powers than in our case, supra.

The principles announced in the above cases have been re-announced in Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603; General Motors Acceptance Corp. v. Home Loan & Finance Co., supra; Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 119.

The case of Farmers' & Ginners' Cotton Oil Co. v. Baccus, 207 Ala. 75, 92 So. 4, turned on evidence tending to show the purchasing agent's authority to bind the corporation, making an issue for the jury. C. C. Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 107 So. 73, is rested on the Baccus case.

The question as to when a foreign corporation is doing business in a state or county so as to bring it within the jurisdiction and process of the courts is quite fully treated in 23 Am.Jur. 378, § 381 et seq.

After dealing with solicitations of business in different aspects, it is said: "In general, the authorities may be said to support the proposition that the mere solicitation of business in a state by agents of a foreign corporation does not constitute doing business therein. This is the general rule in cases where the issue is that of amenability of the corporation to the jurisdiction and process of the courts in the state," and this applies to "the mere soliciting and obtaining of orders, by the agent of a foreign corporation, for goods to be shipped into the state to the purchasers." People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. '587, Ann.Cas.1918C, 537; International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479.

This question is covered, with full review of authorities, by annotations in 60 A.L.R. 1030, and in 101 A.L.R. 133. The notes and authorities fully sustain the text of 23 Am.Jur., supra.

The law as thus generally declared is in entire harmony with our cases.

Under the evidence the only business done or contemplated by the Alabama agents in Tuscaloosa County was the taking of orders to be consummated by acceptance at the home office, the trucks to be shipped in interstate commerce direct to purchasers. The plea in abatement was properly sustained on this ground.

No sound reason could be given for giving the words "do any business" and "does business," as employed in Section 232 of the Constitution, two entirely different meanings.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.