The maintenance of a lawsuit against a foreign corporation that is qualified to do business in Alabama is prohibited by the Alabama Constitution in a county where that corporation is not doing business. The Alabama Constitution provides in pertinent part:
 No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state. . . .
Ala. Const. art. XII, § 232.
For the plaintiff to maintain the suit in Clarke County, Barrett must have been doing business by agent in that county at the time the suit was filed. Bolton v. White Motor Co.,239 Ala. 168, 194 So. 510 (1940).
We today hold that Barrett Mobile Home Transport, Inc. was, by virtue of an executory contract, doing business in Clarke County. I concur in the Court's judgment, but only because of the determination that, as a matter of fact, Barrett was doing business by agent in Clarke County at the time the suit was filed.
An agency is determined by facts and not by how the parties characterize their relationship, and the real character of the relationship is not affected by an agreement that no agency exists or that some other relationship does. Semo Aviation,Inc. v. Southeastern Airways Corp., 360 So.2d 936 (Ala. 1978). The fundamental factor in determining whether an agency relationship exists is whether the principal has a right of *Page 1371 
control over his agent. It is not essential that the right of control be exercised, so long as that right actually exists.Wood Chevrolet Co. v. Bank of the Southeast, 352 So.2d 1350
(Ala. 1977). Here it has been determined that there was an agent of Barrett doing business in Clarke County.
In August, 1976, plaintiff McGugin entered into a contract with Barrett to move his mobile home from Clarke County to Mobile, Alabama. Williams, an agent of Barrett, was to inspect and move the mobile home pursuant to the contract. After being prepared for transit, the mobile home was attached to Williams's truck and pulled onto the highway where the injury occurred. At this time, Williams contacted Barrett's district manager in Birmingham, Alabama, who subsequently came to inspect the damage. While neither Barrett nor Williams offered to repair the damaged trailer or to move it back to its original location, Barrett did contact Sol Stewart, the owner of a local mobile home dealership, to look at the damage, to determine what caused the injury, and to move the damaged mobile home to his lot in Clarke County for storage until Barrett could determine what action should be taken. The damaged mobile home was still located on Stewart's lot when this action was commenced.
There is no dispute that Williams was an agent of Barrett and that Barrett has yet to perform on the contract. Yet, neither of these facts as a matter of law leads to the conclusion that Barrett was doing business by agent in Clarke County. For Barrett to be doing business in Clarke County at the time the suit was filed, some agent must have been present within that county. The trial court has determined that this was the case. From the evidence presented, it can be surmised that when the mobile home became damaged and its possession was transferred from Williams to Stewart at Barrett's direction, then the agency relationship was likewise transferred. Though no express agreement of an agency existed, by the actions of the parties the trial court could reasonably have found that Barrett either had control over or the right to control Stewart as a special agent in relation to the mobile home and as to any subsequent action taken on the original contract, and thus that Barrett was doing business by agent in Clarke County. For this reason I agree that the decision of the Court of Civil Appeals is due to be reversed and the cause remanded.