487 So.2d 860 (1986)
Ex parte Lucille SNODDY.
(In re Lucille SNODDY, as Administratrix of the Estate of Pamela Denise Snoddy Nicholson, deceased v. AERO MAYFLOWER, INC. and Cleo Nicholson).
85-61.
Supreme Court of Alabama.
February 7, 1986.
Rehearing Denied April 11, 1986.
*861 J. Russell Gibson III and Alyce Manley Spruell of Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, for petitioner.
Olin W. Zeanah of Zeanah & Hust, Tuscaloosa, for respondents.
PER CURIAM.
This is venue case. From an adverse order of transfer, Plaintiff seeks a writ of mandamus directed to the circuit court judge of Greene County. The writ is hereby granted.
Pamela Denise Snoddy Nicholson was killed as a result of an accident in New Jersey while she was a passenger in a truck owned by Aero Mayflower, Inc. Plaintiff, Lucille Snoddy, as administratrix of her daughter's estate, filed this lawsuit on June 8, 1982, in Greene County, Alabama, against Mayflower and the driver of the truck, Cleo Nicholson.
Mayflower is a foreign corporation, incorporated under the laws of the State of Indiana and qualified to do business in Alabama. Mayflower serves the Greene County area through Sparks Moving and Storage Company of Tuscaloosa, Alabama, and Graham-Mayflower Transfer and Storage Company of Meridian, Mississippi, which are both exclusive agents of Mayflower. Nicholson, the driver of the truck, is a resident of Montgomery County, Alabama.
Mayflower filed a motion to transfer the case to Tuscaloosa County, contending that it did not do business, nor maintain an agent, in Greene County. After a hearing, the trial court granted the motion. Plaintiff has filed this petition for a writ of mandamus, asking that this Court direct the trial judge to vacate his transfer order.
The proper venue for an action against a foreign corporation is controlled by Code 1975, § 6-3-7, which provides that "A foreign corporation may be sued in any county in which it does business by agent." This section augments, and is consistent with, Ala.Const.1901, Art XII, § 232, which provides that a foreign corporation "may be sued in any county where it does business, by service of process upon an agent anywhere in the State." (For the venue statute governing a domestic corporation, see § 6-3-7.)
The parties agree that Plaintiff may maintain the suit in Greene County only if Mayflower was doing business in that county at the time the suit was filed. Barrett Mobile Home Transport, Inc. v. McGugin, 423 So.2d 1367 (Ala.1982), Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940). The evidence at the hearing established that Mayflower has never had an office nor maintained an agent in Greene County, but that Greene County was within the territory of its exclusive agent in Tuscaloosa at the time the suit was filed. Mayflower's agent had made one delivery in Greene County in June of 1979, one pick-up in Greene County in October of 1979, and one delivery in Greene County in October of 1980. Furthermore, the telephone directory which served Greene County carried an advertisement for Mayflower's agents in Tuscaloosa and Meridian, along with the Mayflower logo, in 1980, 1982, and 1983. The agents' contracts with Mayflower expressly required the publication of these advertisements.
Plaintiff, on the other hand, contends that Mayflower had a continuous connection with Greene County in 1982 through the advertisement in the local telephone directory. This advertisement, says Plaintiff, although listing its out-of-county agents and their Tuscaloosa and Meridian addresses and telephone numbers, held itself out as doing business in Greene County.
At the most, counters Mayflower, this advertisement could be considered a promise to do business or a solicitation of business, neither of which, it says, constitutes "doing business." As authority for this proposition, Mayflower cites Ex parte Morrison *862 Assurance Co., 437 So.2d 519 (Ala. 1983) (a "continuing promise" is not "doing business"); Marcus v. J.R. Watkins Co., 279 Ala. 584, 188 So.2d 543 (1966) ("soliciting business" is not "doing business"); and City Stores Co. v. Williams, 287 Ala. 385, 252 So.2d 45 (1971).
Because Respondent Mayflower relies heavily on City Stores Co. (and we agree that it is the strongest Alabama authority supportive of the trial court's transfer order), we quote directly from Mayflower's brief:
"The case of City Stores Co. v. Williams, 287 Ala. 385, 252 So.2d 45 (1971), must be the starting point in determining this question of venue. That case deals with both of the questions involved in this casedeliveries into a county and advertising in a county.
"[In City Stores there] was evidence of 48 shipments made from the Montgomery Loveman's store into Pike County during the relevant time frame. In rejecting venue on this basis, this Court stated:
"`State v. West Point Wholesale Grocery Company, 284 Ala. 149, 223 So.2d 269, dealt with the recovery of franchise taxes, a permit tax, and an admissions tax levied against the grocery company as a foreign corporation doing business in Alabama. The Court held that subsequent delivery of ordered goods in company trucks from Georgia into Alabama, and mere collection by agents in Alabama for goods sold, was insufficient to supply minimum connection between Alabama and the grocery company authorizing the assessment of the taxes. By analogy, such activities by Loveman's were insufficient to create venue in Pike County for this suit.' [City Stores Co. v. Williams, 287 Ala. at 392, 252 So.2d at 52.]
"Loveman's also advertised in newspapers and in television ads that reach Pike County residents. It was held that this activity did not constitute the doing of business in Pike County:
"`Nor was this deficiency remedied by the fact that Loveman's advertised in a Montgomery newspaper and over a Montgomery television station, which media reached surrounding counties. Such activities were nothing more than a communication to the general public seeking to have them trade at Loveman's. It was merely a solicitation of business to be consummated in Loveman's store in Montgomery. Such advertising without more did not constitute doing business in Pike County. See, Miller Bros. Co. v. Maryland, 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744.' [City Stores Co. v. Williams, 287 Ala. at 392, 252 So.2d at 52.]
"Also in the City Stores case was the question of whether there was an agent authorized to go into the county and do business in connection with carpeting. The Court rejected this contention but further noted an interesting point which is highly applicable to the present situation:
"`If an unwarranted concession be indulged that Mulvaney was Loveman's agent on his trip to Pike County, and that he engaged in business for Loveman's on that trip, there yet remains a five-month gap between Mulvaney's action and the date of the suit.' [City Stores Co. v. Williams, 287 Ala. at 393, 252 So.2d at 53.]
"In the instant case, there is nearly a two-year hiatus between the time of the last delivery into Greene County and the filing of the lawsuit. There is no showing whatsoever of any other act of business in Greene County, Alabama, between the delivery in October, 1980, and the date of the filing of the lawsuit."
To Respondent's argument in support of the order of transfer, Plaintiff responds in her brief as follows:
"[I]n City Stores, the advertisements were on a Montgomery County television station and in a Montgomery County newspaper, not a publication which originated in Pike County. In the case at hand, the three ads in question were *863 contained in Greene County publications. The telephone directory advertisements were intended for use by Greene County residents. More importantly, the medium chosena telephone directoryis not of a transient nature, as is a newspaper and television advertisement. The telephone directories in question were kept by Greene County residents as was established by the affidavit offered and admitted into evidence by the trial court from Mary Snoddy.
"Secondly, City Stores involved a department store in Montgomery County whose business was not transportation and delivery of goods, but sale of products located in the Montgomery store.
"In the case at hand, the `sale' of services of Aero Mayflower was not complete without the pick-up and delivery of items to be transported.... The services sold by Aero Mayflower could not be sold and the transaction could not be completed without the contact or destination agent assigned to each shipment. This was due to the nature of the respondent's business. Sparks Moving and Storage was designated on at least two of the three shipments or deliveries in question as the contact or destination agent for Greene County transactions. These activities of Aero Mayflower, in Greene County, through their agents, were related to their primary corporate functions.
"Finally, City Stores is distinguishable from the case at hand due to the fact that there was no finding that an express agent had continuously solicited business in Pike County, although the plaintiff attempted to establish such fact. Mulvaney, the alleged express agent in question, was found not to have been authorized by the department store in question to solicit business in Pike County. Additionally, the alleged solicitation by the agent in question was not of a continuous nature and could not be established by other evidence. In the case at hand, there is no question that two express agents were required by their contract to advertise in `his telephone directory.'... Secondly, this solicitation is of a nature which was continuous and permanent, in that it was contained in the Greene County telephone directory. Finally, the fact that these directories were kept by Greene County residents further establishes that the solicitation of business by two express agents of Aero Mayflower in Greene County was ongoing."
We adopt in principle Petitioner's rationale distinguishing City Stores Co. from the instant case. We emphasize that, at the time of the filing of this suit, Mayflower, by its own implicit admission, was doing business in Greene County by offering for hire, openly and publicly, its moving services. Conspicuously missing from each of the venue cases cited by Respondent, in which this Court applied the "quantity and regularity of business activity" test, is the element of "holding itself out for business" in the forum county. At all times here pertinent, Mayflower, in Greene County, held itself out as doing business in that county. In this context, we cannot distinguish one's "holding himself out for business" from his "doing business."
WRIT GRANTED.
MADDOX, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and FAULKNER and HOUSTON, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I respectfully dissent from the majority's opinion holding that venue was proper in Greene County.
First, I do not believe that merely running an advertisement is sufficient to constitute "doing business" in a county. The venue statute, Code 1975, § 6-3-7, as well as Ala. Const. 1901, Art. XII, § 232, requires that a corporation be presently engaged in actual corporate activities in the forum county, not just be offering to do business or soliciting business there. An advertisement, in the context of this case, is only a notice to the public intended to *864 arouse a desire to do business in the future. It does not mean that one is actually "doing business" in that county, as is required by statute.
This Court has recently held that a "continuing promise" is not an activity which constitutes "doing business" in a county. Ex Parte Morrison Assurance Co., 437 So.2d 519, 520 (Ala.1983). I believe that a "continuing promise" in a county binds a corporation to that county much more than an advertisement, which binds no one to do anything at all. Since this Court has held that a "continuing promise" in a county is not enough to constitute "doing business" in that county, I cannot agree that the mere distribution of an advertisement in a county is the same as "doing business" there.
Also, this Court has often held that solicitation of business by an agent in a particular area does not constitute doing business in that area. Marcus v. J.R. Watkins Co., 279 Ala. 584, 188 So.2d 543 (1966); Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940); Mertins v. Hubbell Publishing Co., 190 Ala. 311, 67 So. 275 (1916); Beard v. Union & American Publishing Co., 71 Ala. 60 (1879). I believe that the active solicitation of business by an agent is closer to "doing business" than is this passive advertisement, which lists agents who are plainly out of the county. If solicitation is not "doing business," and it is not, then I fail to see how the distribution of a printed advertisement can be considered to constitute "doing business."
There is much authority in other jurisdictions for the principle that advertising or soliciting, without more, does not equate with "doing business." Red River Transport & Development Co. v. Custom Automotive, Inc., 497 F.Supp. 425 (D.N.D.1980) (advertising in trade journals is insufficient to establish doing business); S.A.S. Personnel Consultants, Inc. v. Pat-Pan, Inc., 286 Md. 335, 407 A.2d 1139 (1979) (magazine advertisement is merely solicitation, and is insufficient to establish doing business); Sanders v. Wiltemp Corp., 465 F.Supp. 71 (S.D.N.Y.1979) (newspaper advertisement is insufficient to establish doing business); Uston v. Grand Resorts, Inc., 564 F.2d 1217 (9th Cir.1977) (advertising brochures distributed in an area are insufficient to establish doing business there); Rheem Manufacturing Co. v. Johnson Heater Corp., 370 F.Supp 806 (D.Minn.1974) (advertising in two trade publications insufficient to establish doing business); Baird v. Day & Zimmerman, Inc., 390 F.Supp. 883 (S.D.N.Y.1974), aff'd mem., 510 F.2d 968 (2d Cir.1975) (advertisement in a telephone directory is insufficient to establish doing business); Delagi v. Volkswagenwerk AG of Wolfsburg, Germany, 29 N.Y.2d 426, 278 N.E.2d 895, 328 N.Y.S.2d 653 (1972) (advertising is no more than solicitation, which is insufficient to establish doing business); Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 239 So.2d 465 (La.Ct.App. 1970) (magazine advertisement is insufficient to establish transacting business); Stafford-Higgins Industries, Inc. v. Gaytone Fabrics, Inc., 300 F.Supp. 65 (S.D.N. Y.1969) (listing in a telephone directory and in yellow pages is insufficient to establish doing business); Liquid Carriers Corp. v. American Marine Corp., 375 F.2d 951 (2d Cir.1967) (solicitation of business is insufficient to establish doing business); AMCO Transworld, Inc. v. M/V Bambi, 257 F.Supp. 215 (S.D.Tex.1966) (solicitation of business is insufficient to establish doing business); Irvin v. Daniels Co. Contractors, Inc., 199 F.Supp. 766 (W.D.Pa.1961) (advertising and solicitation alone are insufficient to establish doing business); West Publishing Co. v. Superior Court, 20 Cal.2d 720, 128 P.2d 777 (1942) (isolated business transactions, solicitation, advertising, product demonstrations, and a listing in a telephone directory are all insufficient to establish doing business). While some of the above cases concern jurisdiction instead of venue, each case uses basically the same test for the term "doing business" and can be analogized to the case at hand. I do not think that it is wise for Alabama to deviate from the great wealth of authority on this issue; rather, I think we should remain consistent with our own cases and *865 with the above cited cases from other jurisdictions.
Second, I believe that the majority's opinion is factually misleading on the key point upon which the opinion is based. As the majority correctly states, venue is determined as of the time the suit was filed. Although the opinion conspicuously omits the date the suit was filed, the record shows that this lawsuit was filed on June 8, 1982. The basis of the opinion is that as of June 8, 1982, Aero Mayflower, Inc., was "holding itself out for business" because it was advertising its services in the yellow pages of a telephone book which covered a part of Greene County, and this constituted "doing business" there.
The opinion states that this advertisement was present in the 1980, 1982, and 1983 telephone books. However, a close inspection shows that the effective dates of the aforesaid telephone books were from August of 1980 through July of 1981, August of 1982 through July of 1983, and August of 1983 through July of 1984. Therefore, it is obvious from this viewpoint that no advertisement from Aero Mayflower was even being carried in Greene County on June 8, 1982, which is the date this suit was filed. As of June 8, 1982, Aero Mayflower's most recent contacts with Greene County had been a delivery made there approximately twenty months beforehand and an advertisement in the telephone book which expired over ten months beforehand. I certainly do not believe that these facts constitute "doing business" on June 8, 1982.
Third, this case has come to this Court by a petition for a writ of mandamus. While I realize that mandamus is the proper vehicle to challenge venue, Rochester v. Hamrick Construction Co., 481 So.2d 881 (Ala.1985), we have consistently recognized that mandamus should be granted only when the petitioner makes a clear showing that the trial court abused its discretion by exercising it in an arbitrary or capricious manner. Ex Parte Baker, 459 So.2d 873 (Ala.1984).
The majority opinion seems to recognize that the City Stores case is the closest Alabama case on point, and concludes that, because the petitioner distinguished the present case from City Stores so well, her petition for a writ of mandamus should be granted. In my opinion, this has improperly taken the burden off the petitioner and placed it on the respondent. Petitioner has the burden to prove a clear abuse of discretion, and the burden is not met by merely distinguishing a case on which the respondent relies. Petitioner has not cited to this Court any cases showing that the trial judge clearly abused his discretion, and thus she has not properly supported her petition.
Furthermore, while I do not question that City Stores is factually distinguishable from the present case, the rule of law which is derived from City Stores remains solid and is still applicable to this case. The rule which was adopted by this Court in City Stores is plainly that advertising in a county, without more, does not constitute "doing business" in that county. City Stores, 287 Ala. at 392, 252 So.2d at 52, citing Miller Bros. Co. v. Maryland, 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744 (1954). Although the facts of City Stores are indeed different, the bottom-line rule adopted therein should not be discarded so easily.
For all of the foregoing reasons, I disagree with the majority's conclusion that venue is proper in Greene County. I believe that the writ should be denied, because the case was properly transferred to Tuscaloosa County.
FAULKNER and HOUSTON, JJ., concur.