PER CURIAM.
This is venue case. From an adverse order of transfer, Plaintiff seeks a writ of mandamus directed to the circuit court judge of Greene County. The writ is hereby granted.
Pamela Denise Snoddy Nicholson was killed as a result of an accident in New Jersey while she was a passenger in a truck owned by Aero Mayflower, Inc. Plaintiff, Lucille Snoddy, as administratrix of her daughter’s estate, filed this lawsuit on June 8, 1982, in Greene County, Alabama, against Mayflower and the driver of the truck, Cleo Nicholson.
Mayflower is a foreign corporation, incorporated under the laws of the State of Indiana and qualified to do business in Alabama. Mayflower serves the Greene County area through Sparks Moving and Storage Company of Tuscaloosa, Alabama, and Graham-Mayflower Transfer and Storage Company of Meridian, Mississippi, which are both exclusive agents of Mayflower. Nicholson, the driver of the truck, is a resident of Montgomery County, Alabama.
Mayflower filed a motion to transfer the case to Tuscaloosa County, contending that it did not do business, nor maintain an agent, in Greene County. After a hearing, the trial court granted the motion. Plaintiff has filed this petition for a writ of mandamus, asking that this Court direct the trial judge to vacate his transfer order.
The proper venue for an action against a foreign corporation is controlled by Code 1975, § 6-3-7, which provides that “A foreign corporation may be sued in any county in which it does business by agent.” This section augments, and is consistent with, Ala.Const.1901, Art XII, § 232, which provides that a foreign corporation “may be sued in any county where it does business, by service of process upon an agent anywhere in the State.” (For the venue statute governing a domestic corporation, see § 6-3-7.)
The parties agree that Plaintiff may maintain the suit in Greene County only if Mayflower was doing business in that county at the time the suit was filed. Barrett Mobile Home Transport, Inc. v. McGugin, 423 So.2d 1367 (Ala.1982), Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940). The evidence at the hearing established that Mayflower has never had an office nor maintained an agent in Greene County, but that Greene County was within the territory of its exclusive agent in Tuscaloosa at the time the suit was filed. Mayflower’s agent had made one delivery in Greene County in June of 1979, one pick-up in Greene County in October of 1979, and one delivery in Greene County in October of 1980. Furthermore, the telephone directory which served Greene County carried an advertisement for Mayflower’s agents in Tuscaloosa and Meridian, along with the Mayflower logo, in 1980, 1982, and 1983. The agents’ contracts with Mayflower expressly required the publication of these advertisements.
Plaintiff, on the other hand, contends that Mayflower had a continuous connection with Greene County in 1982 through the advertisement in the local telephone directory. This advertisement, says Plaintiff, although listing its out-of-county agents and their Tuscaloosa and Meridian addresses and telephone numbers, held itself out as doing business in Greene County.
At the most, counters Mayflower, this advertisement could be considered a promise to do business or a solicitation of business, neither of which, it says, constitutes “doing business.” As authority for this proposition, Mayflower cites Ex parte Mor *862 rison Assurance Co., 487 So.2d 519 (Ala.1983) (a “continuing promise” is not “doing business”); Marcus v. J.R. Watkins Co., 279 Ala. 584, 188 So.2d 543 (1966) (“soliciting business” is not “doing business”); and City Stores Co. v. Williams, 287 Ala. 385, 252 So.2d ”45 (1971).
Because Respondent Mayflower relies heavily on City Stores Co. (and we agree that it is the strongest Alabama authority supportive of the trial court’s transfer order), we quote directly from Mayflower’s brief:
“The case of City Stores Co. v. Williams, 287 Ala. 385, 252 So.2d 45 (1971), must be the starting point in determining this question of venue. That case deals with both of the questions involved in this case — deliveries into a county and advertising in a county.
“[In City Stores there] was evidence of 48 shipments made from the Montgomery Loveman’s store into Pike County during the relevant time frame. In rejecting venue on this basis, this Court stated:
“ ‘State v. West Point Wholesale Grocery Company, 284 Ala. 149, 223 So.2d 269, dealt with the recovery of franchise taxes, a permit tax, and an admissions tax levied against the grocery company as a foreign corporation doing business in Alabama. The Court held that subsequent delivery of ordered goods in company trucks from Georgia into Alabama, and mere collection by agents in Alabama for goods sold, was insufficient to supply minimum connection between Alabama and the grocery company authorizing the assessment of the taxes. By analogy, such activities by Loveman’s were insufficient to create venue in Pike County for this suit.’ [City Stores Co. v. Williams, 287 Ala. at 392, 252 So.2d at 52.]
“Loveman’s also advertised in newspapers and in television ads that reach Pike County residents. It was held that this activity did not constitute the doing of business in Pike County:
“ ‘Nor was this deficiency remedied by the fact that Loveman’s advertised in a Montgomery newspaper and over a Montgomery television station, which media reached surrounding counties. Such activities were nothing more than a communication to the general public seeking to have them trade at Love-man’s. It was merely a solicitation of business to be consummated in Love-man’s store in Montgomery. Such advertising without more did not constitute doing business in Pike County. See, Miller Bros. Co. v. Maryland, 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744.’ [City Stores Co. v. Williams, 287 Ala. at 392, 252 So.2d at 52.]
“Also in the City Stores case was the question of whether there was an agent authorized to go into the county and do business in connection with carpeting. The Court rejected this contention but further noted an interesting point which is highly applicable to the present situation:
“ ‘If an unwarranted concession be indulged that Mulvaney was Love-man’s agent on his trip to Pike County, and that he engaged in business for Loveman’s on that trip, there yet remains a five-month gap between Mul-vaney’s action and the date of the suit.’ [City Stores Co. v. Williams, 287 Ala. at 393, 252 So.2d at 53.]
“In the instant case, there is nearly a two-year hiatus between the time of the last delivery into Greene County and the filing of the lawsuit. There is no showing whatsoever of any other act of business in Greene County, Alabama, between the delivery in October, 1980, and the date of the filing of the lawsuit.”
To Respondent’s argument in support of the order of transfer, Plaintiff responds in her brief as follows:
“[I]n City Stores, the advertisements were on a Montgomery County television station and in a Montgomery County newspaper, not a publication which originated in Pike County. In the case at hand, the three ads in question were *863 contained in Greene County publications. The telephone directory advertisements were intended for use by Greene County residents. More importantly, the medium chosen — a telephone directory — is not of a transient nature, as is a newspaper and television advertisement. The telephone directories in question were kept by Greene County residents as was established by the affidavit offered and admitted into evidence by the trial court from Mary Snoddy.
“Secondly, City Stores involved a department store in Montgomery County whose business was not transportation and delivery of goods, but sale of products located in the Montgomery store.
[[Image here]]
“In the case at hand, the ‘sale’ of services of Aero Mayflower was not complete without the pick-up and delivery of items to be transported. ... The services sold by Aero Mayflower could not be sold and the transaction could not be completed without the contact or destination agent assigned to each shipment. This was due to the nature of the respondent’s business. Sparks Moving and Storage was designated on at least two of the three shipments or deliveries in question as the contact or destination agent for Greene County transactions. These activities of Aero Mayflower, in Greene County, through their agents, were related to their primary corporate functions.
“Finally, City Stores is distinguishable from the case at hand due to the fact that there was no finding that an express agent had continuously solicited business in Pike County, although the plaintiff attempted to establish such fact. Mulva-ney, the alleged express agent in question, was found not to have been authorized by the department store in question to solicit business in Pike County. Additionally, the alleged solicitation by the agent in question was not of a continuous nature and could not be established by other evidence. In the case at hand, there is no question that two express agents were required by their contract to advertise in ‘his telephone directory.’ ... Secondly, this solicitation is of a nature which was continuous and permanent, in that it was contained in the Greene County telephone directory. Finally, the fact that these directories were kept by Greene County residents further establishes that the solicitation of business by two express agents of Aero Mayflower in Greene County was ongoing.”
We adopt in principle Petitioner’s rationale distinguishing City Stores Co. from the instant case. We emphasize that, at the time of the filing of this suit, Mayflower, by its own implicit admission, was doing business in Greene County by offering for hire, openly and publicly, its moving services. Conspicuously missing from each of the venue cases cited by Respondent, in which this Court applied the “quantity and regularity of business activity” test, is the element of “holding itself out for business” in the forum county. At all times here pertinent, Mayflower, in Greene County, held itself out as doing business in that county. In this context, we cannot distinguish one’s “holding himself out for business” from his “doing business.”
WRIT GRANTED.
MADDOX, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and FAULKNER and HOUSTON, JJ., dissent.