I concur in the holding here that the automobile dealership had sufficient contacts with the State of Alabama that "it is fair and reasonable to require [the dealership] to come to this state to defend an action." Rule 4.2(a)(2)(I). As I view it, in determining whether there are sufficient contacts, we should review the facts much as we do when determining, for venue purposes, whether a defendant is "doing business" within a particular county. In short, I think that the "sufficient contacts" rule for service of process is not appreciably different from the "doing business" rule that is applied in determining the venue of an action against a foreign corporation. In Ex parte Snoddy, 487 So.2d 860 (Ala. 1986), this Court held that a moving company that openly and publicly offered its moving services for hire in a county, through advertisements in the yellow pages, was doing business in that county for venue purposes. The activities of the automobile dealership here seem to be just as pervasive as, if not more than those proved in Snoddy.
As I view the matter, the "nexus" test is substantially the same, whether the question is a question of venue, a question of the applicability of the long-arm rule for service of process, or a question of whether the activity is intrastate or interstate commerce.[1]
[1] I do not know whether the question of arbitration will arise in this action, but in Ex parte Warren, 548 So.2d 157 (Ala. 1989), I stated that I thought a sufficient nexus with interstate commerce existed for the provisions of the Federal Arbitration Act to apply. *Page 1268