HOUSTON, Justice
(concurring specially).
Section 6-3-7, Ala.Code 1975, provides in pertinent part:
“[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced [1] in the county where the injury occurred or [2] in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence.”
(Emphasis added.) If a person seeks damages for personal injuries in a breach-of-warranty action, as authorized by Ala.Code 1975, § 7-2-715(2)(b), he is suing for damages for personal injuries. Section 6-3-7 refers to “all actions ” for personal injuries (“all” means “all,” unless we are going to rewrite the statute, which I refuse to do). On original submission, I concluded that the proviso meant that a breaeh-of-warranty action in which the plaintiff seeks damages for personal injuries must be brought under the proviso. Although the discussion of the breaeh-of-warranty claim has now been deleted from the opinion on second application for rehearing, I adhere to that conclusion.
Also, on original submission, I concluded that the second prong of the proviso, “does business by agent,” has been interpreted by this Court as “was doing business [by agent] in that county at the time the suit was filed.” Ex parte Snoddy, 487 So.2d 860, 861 (Ala.1986) (Maddox, Jones, Almon, Shores, Beatty, and Adams, JJ., concurring in the per curiam opinion). I joined Chief Justice Tor-bert’s dissent, but the majority opinion created a rule that was not without precedent: Ex parte McGugin, 423 So.2d 1367 (Ala.1982); Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940). The trial court found that Buccaneer Homes was not doing business in Bullock County when this action was filed. After reexamining the briefs and the record, I cannot say that the trial court was wrong; therefore, I remain convinced that our writ of mandamus cannot be issued under the second prong of the proviso to § 6-3-7.
Following precedent, Ex parte SouthTrust Bank of Tuscaloosa County, 619 So.2d 1356 (Ala.1993), I originally concluded that the injury occurred in Marion County, not Bullock County, because the record indicates that the written warranty originated in Marion County. However, after reexamining the complaint, I am now satisfied that the plaintiffs are basing their fraud claims on allegations of acts or omissions that occurred in Bullock County, where the dealer explained the warranty to them. This, I believe, distinguishes this case from Ex parte SouthTrust Bank of Tuscaloosa County. For this reason, I now concur to issue our extraordinary writ of mandamus, under the first prong of the proviso, i.e., “in the county where the injury occurred.”
HOOPER, C.J., concurs.