Cavalier Home Builders, L.L.C. ("the employer"), petitions for a writ of mandamus directing the Walker Circuit Court to transfer to Winston County an action brought under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act"), by Bonnie Hicks ("the employee"). We deny the petition.
The employee, a Walker County resident, sued the employer in the Walker Circuit Court on December 10, 2003, alleging that she had suffered an on-the-job injury at the employer's Winston County facility. The employer, which manufactures and sells mobile homes, is a Delaware corporation with its principal place of business in Addison, Alabama, a town located in Winston County; it filed a motion seeking a change of venue to Winston County, averring that Walker County was not a proper venue for the employee's action. The employer argued, among other things, that § 6-3-7(a), Ala. Code 1975, which governs the venue of civil actions against corporations,[1] § 6-3-21, Ala. Code 1975, and Rule 82, Ala. R. Civ. P., required transfer of the action to Winston County. The employer filed an affidavit of its divisional general manager in support of its motion. After that motion was filed, the manager's deposition was taken and certain pages of the transcript of that deposition were filed in the Walker Circuit Court for its consideration in ruling on the employer's motion. On November 3, 2004, the Walker Circuit Court entered an order denying the employer's motion to change venue, and on December 10, 2004, the employer timely sought mandamus review of that order (see Rules 4(a)(1) and 21(a), Ala. R.App. P., andEvans v. Insurance Co. of North America, 349 So.2d 1099, 1101
(Ala. 1977)).
The sole issue raised by the employer's mandamus petition is whether venue is proper in Walker County under § 6-3-7(a)(3), Ala. Code 1975, which provides that a civil action against a corporation may be brought "[i]n the county in which the plaintiff resided . . . at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence" (emphasis added).[2]
Specifically, the pertinent question is: Does the employer "do business" by agent in Walker County such that the order denying the employer's motion is correct?
The evidentiary materials submitted by the parties in the Walker Circuit Court and attached to their filings in this court indicate the following facts. The employer's divisional general manager testified by affidavit that he was familiar with the employer's business dealings, including "the location of all of its employees and agents employed to conduct its business." According to the affidavit, the employer "does not conduct any business by agent in Walker County" or "have any property or facilities in Walker County."
The manager's deposition testimony, however, indicates that the employer sells mobile homes to independent retailers in several counties and states; it transacts *Page 1107 
that business via solicitations made by sales representatives, including eight representatives in the employer's Addison division that have designated sales territories. The manager identified one sales representative as being "the sales rep for Walker County," although he added that he covered a number of other counties as well. According to the employer's manager, sales representatives generate business by making telephone calls and visits to independent retail sites to distribute, for example, sales brochures.
After the manager had testified to the foregoing facts, he was asked whether the employer's sales representative for Walker County "would physically go and visit retailers in Walker County . . . and try to solicit their business so that they could sell [the employer's] mobile homes." Although the manager denied actual knowledge concerning whether that sales representative had been to Walker County, he admitted that "it might be likely" that the representative had been there, that Walker County was in "his territory," that "he does travel as a sales rep in his territory" in his own automobile, and that a part of his normal and usual duties "would be to attempt to solicit business to sell [the employer's] product . . . to various dealers in the Walker County area."
In its mandamus petition, despite evidence indicating that it employs eight sales representatives to solicit retailers to sell its products in its Addison division alone, the employer curiously contends that, under Alabama law, "solicitation of sales of its products is not regularly performing the work for which [the employer] exist[s]." The principal legal authority upon which the employer relies is a 1940 opinion pertaining to whether a foreign corporation, whose business was "the sale, or promotion of sales, of trucks and busses in [a] district" in Alabama that included one county, could be sued in that county despite the absence of a resident agent in that county. Boltonv. White Motor Co., 239 Ala. 168, 170, 194 So. 510, 512 (1940). Noting that "[w]hat is doing business in a given state or county is a question giving rise to much litigation in this state and throughout the country" and that "[s]ince it involves the question of corporate presence essential to jurisdiction in a personal action a question of due process of law under the Federal Constitution often arises," 239 Ala. at 171,194 So. at 512, the Supreme Court in Bolton interpreted both § 232 of the Alabama Constitution of 1901, which at the time provided that a foreign corporation could "be sued in any county where it does business," and the predecessor to § 6-3-7, Ala. Code 1975, in a restrictive manner that befitted the prevailing notions of personal jurisdiction of that era (see generally Pennoyer v.Neff, 95 U.S. 714, 24 L.Ed. 565 (1878)).
Although Bolton has not been expressly overruled, its continuing precedential value is questionable. As the Supreme Court noted in Ex parte Gauntt, 677 So.2d 204, 212 n. 6 (Ala. 1996),[3] "[t]he phrase `doing business by agent' has been interpreted less restrictively in recent cases" because of "the expansion of the concept of personal jurisdiction over corporations that began with International Shoe Co. v.Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)." In support of that proposition, *Page 1108 
the Supreme Court cited Tidwell v. Louisiana-Pacific Corp.,517 So.2d 602, 603 (Ala. 1987), and Ex parte Reliance InsuranceCo., 484 So.2d 414, 417 (Ala. 1986), and parenthetically summarized the holdings in those cases as standing for the principle that it is "unnecessary for a corporation to have an agent physically present and conducting business in a county for venue to be proper there." 677 So.2d at 212 n. 6.
A recent opinion of our Supreme Court construing § 6-3-7(a)(3) in the context of a claim arising under the wrongful-discharge provision in the Act underscores the current comparative ease of satisfying the "doing business by agent" standard. In Ex parteScott Bridge Co., 834 So.2d 79 (Ala. 2002), the Supreme Court considered whether Tim Bond, a former employee of Scott Bridge Company, a corporation, could bring an action under Ala. Code 1975, § 25-5-11.1, in Chambers County, where he lived, rather than in Lee County, the location of Scott Bridge's principal place of business and where Bond was discharged. The Supreme Court first set forth the following procedural analysis of the issue:
 "A petition for the writ of mandamus is the proper method by which to seek review of a denial of a motion for a change of venue. Ex parte Alabama Great Southern R.R., 788 So.2d 886 (Ala. 2000). `Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499
(Ala. 1995). This Court reviews a petition for a writ of mandamus challenging a ruling on venue under an abuse-of-discretion standard. Id.
 "`The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.'
 "Ex parte Finance America Corp., 507 So.2d 458, 460
(Ala. 1987).
 "Scott Bridge bears the burden of proving that venue in Chambers County is improper. If Scott Bridge's activities in Chambers County are sufficient to qualify as `doing business by agent' in that county under § 6-3-7(a)(3), Ala. Code 1975, then venue is proper in Chambers County, and the writ of mandamus directing a transfer of the case to Lee County should not issue. If those activities are not sufficient, however, the writ of mandamus directing the trial court to transfer the case to Lee County should issue."
834 So.2d at 80-81.
After noting that "[a] corporation `does business' in a county for purposes of § 6-3-7 if, with some regularity, it performs there some of the business functions for which it was created,"834 So.2d at 81, the Supreme Court rejected Scott Bridge's contention that the trial court's decision not to transfer the case to Lee County was an abuse of its discretion:
 "Scott Bridge notes that it is in the business of constructing bridges and it argues that because it has not built a bridge in Chambers County, it has not `done business by agent' there. The business of Scott Bridge, however, should not be considered so narrowly. To fulfill its principal corporate function of building bridges, Scott Bridge must purchase parts, tools, and equipment with which to perform that principal corporate function. Bond asserts, and *Page 1109 
Scott Bridge does not refute, that Scott Bridge buys from businesses located in Chambers County supplies that cost in excess of $50,000 a year.
". . . .
 ". . . [T]he information that this Court [has] regarding Scott Bridge's interactions with its supplier in Chambers County is that Scott Bridge `purchased handrail pipe, handrail posts, protection anchors, supports, and shoes which are used in Scott Bridge's business [of bridge building]' [quoting the trial court's order denying Scott Bridge's motion for a change of venue]. Scott Bridge could presumably have purchased these materials elsewhere, and thus fulfilled its corporate purpose entirely outside of Chambers County, but spending more than $50,000 per year in Chambers County on materials necessary to bridge construction is sufficient to constitute `doing business' in Chambers County.
 "Scott Bridge's purchases of bridge parts from suppliers in Chambers County can be distinguished from other, more tangential relationships that this Court has deemed insufficient to constitute `doing business.' . . . Scott Bridge's primary business function of building bridges . . . immediately and directly depends upon the transactions it has with its Chambers County suppliers.
 "Scott Bridge does not argue that it would be prejudiced if it were forced to litigate in Chambers County. Chambers County and Lee County are contiguous counties, and the additional hardship created by traveling to the neighboring county is not substantial. We therefore hold that the trial court did not abuse its discretion in denying the motion for a change of venue from Chambers County to Lee County, because Scott Bridge did not carry its burden of proving that venue in Chambers County was improper."
834 So.2d at 81-82.
Whereas the "principal corporate function" of Scott Bridge was building bridges, the employer in this case fulfills its "principal corporate function" by manufacturing mobile homes. However, manufacturing mobile homes is not the sole corporate function of the employer, as evidenced by its retention of multiple sales representatives, each having sales territories in which solicitation of retailing business was among the representative's normal and usual duties. The employer is obviously also in the business of selling the homes it has manufactured to retailers, who in turn sell those homes to consumers or other retailers. The employer's divisional general manager — who testified in his affidavit to having personal familiarity with the employer's business dealings, "including where the [employer] conducts its business and the location of all of its employees and agents employed to conduct its business" — admitted at his deposition the likelihood that the employer's Walker County sales representative had traveled in that county for the purpose of soliciting sales of mobile homes to dealers there, although he denied knowing whether that sales representative actually had been to Walker County.
The facts of this case concerning the employer's business thus distinguish it from those present in Ex parte Alpine BayResorts, Inc., 518 So.2d 113 (Ala. 1987). In both Alpine Bay
and in Ex parte King Motor Co., 540 So.2d 62 (Ala. 1989), the defendants' principal businesses involved the localized sale of commodities (i.e., condominium timeshares and automobiles) at one place in a single county; the Supreme Court in those cases held that the defendants' mere dissemination of printed and electronic promotional materials into the *Page 1110 
forum counties did not constitute "doing business by agent" in those counties. In this case, however, the employer is actively sending agents into a number of counties, including Walker County, in furtherance of its goal of supplying mobile-home retailers with its manufactured products for resale at retail in those counties. Similarly, Ex parte R.E. Garrison Trucking,Inc., 720 So.2d 946 (Ala.Civ.App. 1998), is distinguishable in that the evidence in this case warrants more than a "mere speculation" that the employer is purposely directing some of its principal business functions at Walker County.
Upon review of the facts and arguments adduced in support of and in opposition to the employer's mandamus petition, we must conclude that the Walker Circuit Court could, within its discretion, have determined that the employer did not meet its burden of proving that Walker County was an improper venue in this case. Scott Bridge, 834 So.2d at 81. In the absence of a clear showing of error by a petitioner, we may not issue the extraordinary writ of mandamus. Id. Because no such showing has been made, we deny the employer's petition.
PETITION DENIED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] Venue of actions brought under the Act is the same as that applicable in tort actions generally. See Ala. Code 1975, §25-5-81(a)(1).
[2] We note that while the employer's motion to transfer averred that Winston County was a more convenient venue than Walker County, the employer has not relied upon Ala. Code 1975, §6-3-21.1, in seeking mandamus relief here.
[3] Gauntt's holding regarding the doctrine of forum nonconveniens was overruled in Ex parte First Family FinancialServices, Inc., 718 So.2d 658 (Ala. 1998); however, its interpretation of Alabama's venue statutes remains good law. SeeEx parte Sasser, 730 So.2d 604, 606 (Ala. 1999) ("Unless or until this Court overrules [that] portion of Gauntt
[interpreting § 6-3-7] or the Legislature modifies the venue statutes, the courts of this State are obliged to apply the rule adopted in Gauntt.").