# Abraham Bros., *v.* Southern Ry. Co.

*Action for Damages for Injury to Stock.*

(Decided Dec. 20th, 1906.  42 So. Rep. 837.)

1. *Pleading; Dilatory Pleas; Time of Filing.*—Rule 12 of practice in circuit and inferior courts of common law jurisdiction, is inapplicable to a plea in abatement which is in substance an

amendment of former pleas filed in time, to which demurrers had been sustained and leave granted to amend.

2. *Corporation; Process; Service on Foreign Corporation; Constitutional and Statutory Provisions.*—The act of a foreign corporation in constituting agents, and placing them in a county, authorizing them only to solicit traffic, freight and passenger, but without authority to bind the corporation, was not an act of "doing business" in such county, and in the absence of a line of railroad in the county or the operation of trains through the County, or in the County, the courts of such county have no jurisdiction of causes against such corporations, and as to such county, such corporation is not within the purview of Section 4207, Code 1896, or Section 232 of the Constitution of 1901.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Abraham Bros. against the Southern Railway Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

This was an action begun by appellants against the appellee in the city court of Montgomery to recover damages for a failure to deliver live stock. The complaint was filed and summons issued thereon on December 15, 1904, and service was made upon an agent of the defendant in Birmingham on December 16, 1904. On January 20, 1905, the defendant appeared specially and filed a verified plea in abatement, to which a demurrer was sustained. On February 17, 1905, the cause was continued by agreement, and on April 12, 1905, defendant filed an amended plea in abatement, to which demurrers were filed and sustained, with leave to amend the plea.

On December 19, 1905, an amended plea in abatement was filed as follows: "The defendant appearing specially for the purpose of this plea, and for no other purpose, says that this court ought not to have or take cognizance of this suit, because at the time of the commencement of this suit, and at the time the summons issued therein was attempted or pretended to be made upon it, this defendant, a corporation organized under the laws of the state of Virginia, had filed in the office of the Secretary of State of the state of Alabama an in-

[Abraham Bros. v. Southern Ry. Co.]

strument in writing in accordance with the provisions of the laws and Constitution of the state of Alabama, designating Marion F. Richey its agent, and the city of Birmingham as its principal place of business, in the state of Alabama; that defendant was at the time aforesaid, and now is, a common carrier and operates a line of railroad within and without the state of Alabama, but no part of defendant's line of railway runs through or within the county of Montgomery, Ala., and defendant does no business by agent in said county, except that it has a freight soliciting agent in the city of Montgomery, in said county, employed by defendant to solicit shipments of freight to and from the territory in and around Montgomery, Ala., to be routed by the shippers so that the same will pass over defendant's line beyond said county, and said soliciting freight agent has no authority to make contracts for the defendant, and does not collect any payment for transportation of freight by defendant, and does not receive or deliver such shipments, but his sole duties are to solicit business as above set out and other duties of a similar character. And defendant has also a traveling passenger agent, with an office in the city of Montgomery, whose sole duties are to solicit passenger traffic from the territory around Montgomery, Ala., so that the same will pass over defendant's lines beyond Montgomery county, Ala.; but said agent has no authority to sell tickets for such transportation over defendant's lines, and his sole duties are to solicit traffic as above set forth, and to furnish information about defendant's lines and its connections, and to advertise said road, and duties of a similar character. Wherefore defendant prays judgment whether it ought to be required to appear and answer further in said suit." Plaintiff moved to strike this plea, because not filed within the time allowed for pleading, and this motion was overruled.

The plaintiff then demurred to the plea: "(1) Said plea does not deny that the defendant, at the time this suit was brought, was doing business in the city of Montgomery, and in Montgomery county, Ala. (2) Said plea shows that the defendant is properly sued in this county. (3) Said plea shows that the defendant is

liable to suit in Montgomery county, upon the cause of action stated in the complaint. (4) Said plea shows that this court has jurisdiction of the defendant in this action upon the cause of action sued on." These demurrers were overruled, and the defendant was put to its trial upon its plea of abatement.

MARTIN & MARTIN, for appellant.—Plea 4 came too late and ought to have been stricken.—Rule 12 of Circuit Court Practice. The action of the trial court in refusing to give effect to this rule is reviewable and reversable.—*Beck v. Glenn,* 69 Ala. 121; *Hawkins v. Armour Packing Co.,* 105 Ala. 543. The demurrer should have been sustained to plea 4. It affirmatively appeared therefrom that the city court of Montgomery had jurisdiction.—§§ 232 and 240, Constitution 1901; § 4206, Code 1896; *Farrior v. N. E. Mort. Sec. Co.,* 88 Ala. 275; *Int. C. S. O. Co. v. Wheelock,* 124 Ala. 267; *Sullivan Timber Co. v. Sullivan,* 103 Ala. 471; *Denver & Rio Grande R. R. Co. v. Roller,* 100 Fed. 738; *Christy v. Davis C. & C. Co.,* 92 Fed. 3.

HUGH NELSON, and L. E. JEFFRIES, for appellee.— The action of the court is fully justified by the following authorities: Section 240, Constitution 1901; § 4207, Code 1896; *Home Protection Co. v. Richards,* 74 Ala. 466; *C. & P. R. R. Co. v. Cooper,* 30 Vt. 476; *N. K. Fairbanks Co. v. C. N. O. & T. P. Ry. Co.,* 54 Fed. 420; *Wall v. Chesapeake,* 95 Fed. 398; *Weller v. Pa.,* 113 Fed. 502; *Maxwell v. Ackerson,* 34 Fed. 286; *Beard v. Publishing Co.,* 71 Ala. 60; *Sullivan v. Sullivan Timber Co.,* 103 Ala. 71.

TYSON, C. J.—Rule 12 of practice in the circuit and inferior courts of common-law jurisdiction, prohibiting a plea in abatement to be received, if objected to, unless filed within the time allowed for pleading, has no application to a plea in abatement, which is in substance amendatory of former pleas filed within time, to which demurrers had been sustained, with leave granted to amend. To hold otherwise would deprive a defendant of the right of amendment secured by section 3304 of

the Code of 1896. Furthermore, if the plea, against which the motion to strike was aimed, the overruling of which is sought to be reviewed, should not be regarded as amendatory of former pleas, the court in refusing to strike it, on the state of record as it then was, did not abuse its discretion.—*Hawkins v. Armour Packing Co.*, 105 Ala. 545, 17 South. 16, and cases there cited.

It is shown, both by the averments of the plea and the testimony offered in support of it, that the defendant had no line of railroad in the county of Montgomery, where this action was brought, and did no business therein other than to have in the city of Montgomery, in said county, two soliciting agents—one a freight agent, to solicit shipments of freight to and from that territory, to be routed by the shipper so as to pass over defendant's lines of road outside of and beyond the limits of that county; the other, a traveling passenger agent, whose sole duty was to solicit passenger traffic. Neither of these agents were authorized to enter into any contract or contracts to bind the company, nor to receive and collect money for the transportation of freight or passengers. The question presented is whether this state of facts shows that defendant, a foreign corporation, was "doing business" in the county of Montgomery, within the meaning of section 232, art. 12, of the Constitution, or section 4207 of the Code of 1896; the provision of the former fixing the venue of suits against such corporations "in any county where it does business by service of process upon an agent anywhere in the state," and that of the latter "in any county in which it does business by agent." It is obvious that the words "does business," as used in the constitutional provision and the statute, must have the same meaning.—*Sullivan v. Sullivan Timber Co.*, 103 Ala. 371, 15 South. 941, 25 L. R. A. 543. And upon the principles declared in *Beard v. The Union & American Publishing Co.*, 71 Ala. 60, we feel constrained to hold that the act of the defendant in constituting agents, with no power or authority to bind it, but simply to solicit traffic for it, was not "doing business," within the constitutional or stat-

[Louisville & Nashville R. R. Co. v. Britton.]

utory provisions. See, also, *International Cotton Seed Oil Co. v. Wheelock,* 124 Ala. 367, 27 South. 517. Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.