31 So.2d 567

### HARRUB et al. v. HY–TROUS CORPORATION.

6 Div. 543.

Supreme Court of Alabama.

July 31, 1947.

415

Harvey Deramus, of Birmingham, and Harris Isaason, of Lewiston, Me., for appellee.

Hugh A. Locke and Wade H. Morton, both of Birmingham, and G. Q. Milwee and Garnett S. Andrews, both of Nashville, Tenn., for appellants.

LAWSON, Justice.

This suit was instituted in Jefferson County, Alabama, by C. N. Harrub, E. M.

**416**

Noble, and Jessie A. Evans, partners doing business as Hy-Trous Company of Tennessee, against the Hy-Trous Corporation, a corporation, to recover damages for the alleged breach of an exclusive agency contract, whereby the plaintiffs were constituted and appointed the exclusive agent of the defendant corporation to manufacture, sell, and distribute a certain liquid fertilizer, known as "Hy-Trous Scientific Plant Food," in and for eight southeastern states, including the state of Alabama.

The complaint consisted of two counts and was filed on April 30, 1945. Sheriff's return as to service of summons and complaint was as follows: "Executed this the 30 day of April, 1945, on The Hy-Trous Corporation a corporation by leaving a copy of within with J. J. Bourisk, Agent of said company."

On May 18, 1945, the defendant filed a plea in abatement, which plea was several times amended. As last amended the said plea read as follows:

"Now comes the defendant in the above styled cause, and appearing for the sole purpose of filing this plea in abatement, and for no other purpose whatsoever, and hereby expressly limiting its appearance herein for said sole purpose of filing this plea in abatement to the jurisdiction of this court, avers and shows unto the court as follows:

"The defendant, a corporation, organized and existing under the laws of the State of Maine, and at the time of the institution of this suit, at the time of the alleged service of the summons and complaint on this defendant, and at all intervening times, the defendant was not doing business by agent in Jefferson County, Alabama, nor in the State of Alabama.

"Defendant avers the defendant had never qualified to do business in the State of Alabama and had never designated an agent in Alabama upon whom service of process could be made in all actions instituted against it.

"Wherefore: The defendant says that this Honorable Court has no jurisdiction of the defendant, nor of the alleged cause of action asserted herein."

Plaintiffs, appellants, interposed demurrer to the plea in abatement, which demurrer was overruled. Thereupon appellants filed replications 1 and 2. Defendant's demurrer to replication 1 was sustained. Under replication 2 issue was joined on the plea in abatement. The trial of the issue thus presented was before the court and jury. At the conclusion of testimony the court at the request of defendant gave the general affirmative charge in favor of defendant on its plea in abatement. The general affirmative charge requested by plaintiff was refused. The jury returned a verdict in favor of the defendant on its said plea in abatement and judgment in accordance with the verdict was rendered by the court. From such judgment plaintiffs have prosecuted this appeal.

Only two errors are assigned. First, that the trial court erred in giving the affirmative charge in favor of the defendant; second, that it was error for the trial court not to give the general affirmative charge as requested by plaintiff.

■ It appears without dispute that the defendant is a Maine corporation with its principal place of business in Boston, Massachusetts, and that it has not qualified to do business in Alabama. Hence Section 232 of the Constitution of this state and Section 192, Title 10, Code 1940, in so far as they provide a mode of service on foreign corporations, are not here applicable, as they have application only to such foreign corporations as have qualified thereunder. St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834.

■ As a general rule, a nonresident, whether an individual or a corporation, is suable in the state courts upon a cause of the state, if service of process efficacious to give jurisdiction of the person can be perfected. St Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., supra; Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603.

■ The requirements as to perfection of service upon a foreign corporation not qualified to do business in this state are

restated in the case of Davis v. Jones, 236 Ala. 684, 184 So. 896, 898, as follows: "The question of service, as to a foreign corporation, was again considered generally in the case of Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603, and the well recognized principles, supported by authorities, are therein announced. It was declared, (1) that a foreign corporation is suable within the state only if it is doing business therein; (2) that to sustain an action against a nonresident corporation, the court must have jurisdiction of the subject-matter and of the person acquired by service of process duly authorized by state statutes within the requirements of due process; (3) that, as regards suability, the corporation's acts must be in the exercise of corporate functions, not merely within corporate powers; and (4) that the corporation must be doing business in the state when the process was served by the sheriff, not only when it was delivered to the sheriff."

■ A foreign corporation not qualified to do business in this state can be present herein only through its acts performed by its officers or agents engaging in the performance of its corporate functions within this jurisdiction. If its presence is thus manifested, then process may be efficaciously served on any agent of the corporation who is acting within the line and scope of his agency. St Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., supra; Section 188, Title 7, Code 1940.

It is without dispute in the evidence that at the time of service of the summons and complaint the unqualified foreign corporation, which is the defendant in this cause, did not maintain an office or other business establishment in this state. None of its officers, salesmen, or other employees maintained a residence in this state. No salesmen operated in Alabama on a commission basis or otherwise. It rented no buildings, displayed no merchandise.

■ But it is also without dispute in the evidence that on April 30, 1945, J. J. Bourisk was the president of the defendant corporation and he was on that day, while in the city of Birmingham, served with a copy of the summons and complaint in this case. Of course, the mere presence of the president of the defendant corporation in this state did not confer upon our courts jurisdiction of the defendant corporation. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L.R.A. 543..

Under the rule of our cases the question is, therefore, presented as to whether or not at the time of service Mr. Bourisk, acting under authority, was engaged in the exercise of some of the functions for which the corporation was created or, in other words, exercising corporate functions as distinguished from corporate powers. Sullivan v. Sullivan Timber Co., supra; Ford Motor Co. v. Hall Auto Co., supra.

The evidence shows that at the time of service the defendant corporation was the owner of a certain chemical formula and process of manufacture of a liquid fertilizer or plant stimulant and that at that time was engaged in the manufacture and sale of a liquid fertilizer known to the trade under the registered (United States) trademark "Hy-Trous." This produce was referred to as "Hy-Trous Scientific Plant Food" and also as "Hy-Trous Liquid Fertilizer."

On January 3, 1944, the defendant corporation (Maine corporation) entered into a contract with an Alabama corporation known as Alabama Hy-Trous Company, Inc., which was locally owned and operated. In this contract the defendant corporation is referred to as the "corporation" and the Alabama corporation as the "distributor." Under the terms of this contract the defendant corporation (Maine corporation) granted to the distributor (Alabama corporation) "full and exclusive franchise and authority to distribute, sell and/or manufacture said Hy-Trous product," in nine southeastern states, including the state of Alabama, subject to certain limitations not here pertinent. The contract contained the following provision: "The Corporation [Maine corporation] stands ready at all times to completely instruct and advise any and all employees of said distributor [Alabama corporation] as by it may be designated, in selling, merchandising, advertising and marketing of

the said Hy-Trous product, and in the case of manufacturing and bottling, will instruct such employees in preparing, processing and mixing the Micro Elements in the practical application and use thereof.".

While the said contract gave the Alabama corporation the right to manufacture the Hy-Trous product upon the purchase of certain ingredients, it does not appear that it had ever done so and we are not here concerned with that phase of the contract. The evidence shows, however, that the Alabama corporation had acted as distributor of the Hy-Trous product, which it purchased from the defendant (Maine corporation). The Alabama corporation ordered such amounts of the Hy-Trous product as it needed from the defendant corporation's place of business in Boston. The product was shipped to Alabama from Boston and remittance made by the "distributor" to defendant in Boston.

Mr. Bourisk arrived in Birmingham on April 29, 1945, and service was had upon him on the following day. According to his testimony he neither solicited nor accepted any orders from the Alabama Hy-Trous Company on that occasion. He did, however, discuss with officers of the Alabama Hy-Trous Company matters concerning the promotion of sales of the Hy-Trous product and policies in connection therewith. He also discussed such matters with agents and prospective agents of the Alabama Hy-Trous Company.

We cannot agree with counsel for plaintiffs that such activity on the part of the defendant's president constituted the "doing of business" by the defendant corporation within this state so as to confer jurisdiction upon the courts of this state. We hold that under the evidence presented the trial court correctly gave the general affirmative charge as requested by the defendant. It, of course, follows that the general affirmative charge as requested by the plaintiff was correctly refused.

, The conclusion which we here reach is fully supported by the decision of this court in the case of Ford Motor Co. v. Hall Auto Co., supra. In that case we held that the plea in abatement of Ford Motor Company should have been sustained. The facts are not set out in the opinion, but we have examined the original transcript and the evidence as it relates to the doing of business in this state by the Ford Motor Company at time of service may be briefly summarized as follows: Service was had upon J. H. Wood, Jr., the sales manager of the Atlanta branch of the Ford Motor Company. At time of service Mr. Wood was in Birmingham calling upon local Ford dealers relative to sales promotion. The Ford Motor Company had no agents in Alabama at that time. It was operating exclusively through dealers under "dealer contracts." At time of service representatives of the Atlanta branch of the Ford Motor Company called upon local dealers to assist them in "pushing the sales of cars," and to demonstrate to employees of the dealers as to how to improve service and to contact prospective customers.

We think our conclusion in the instant case likewise finds support in the following cases decided by this court: Beard v. Union & American Publishing Co., 71 Ala. 60; Heflin Gold Mining Co. v. Hilton, 124 Ala. 365, 27 So. 301; Abraham Bros. v. Southern R., 149 Ala. 547, 42 So. 837; Holman v. Durham Buggy Co., 200 Ala. 556, 76 So. 914; Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510.

The fact that in the fall of 1944 representatives of the defendant corporation were in Alabama for the purpose of "reconditioning" some of the merchandise previously sold to the Alabama Hy-Trous Company has no bearing on the effect of service upon Bourisk on April 30, 1945. The validity of service must rest upon the status at the time of service and not upon a condition which had ceased to exist approximately six months previously. Sullivan v. Sullivan Timber Co., supra; Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119; Ford Motor Co. v. Hall Auto Co., supra.

As before indicated, we find no error in the instruction given the jury and the judgment of the circuit court must be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.