This is a petition for a writ of mandamus. Petitioner, Reliance Insurance Company, asks this Court to issue a writ of mandamus to the Honorable Billy C. Burney, Judge of the Lawrence County Circuit Court, requiring him to transfer the instant case from Lawrence County to Jefferson or Randolph County. We find, as did the circuit judge, that venue is properly laid in Lawrence County; therefore, we deny the writ.
Petitioner is a Pennsylvania corporation qualified to do business in Alabama. Respondent/plaintiff, A.J. Morris, doing business as Morris Construction Company, sued Mid-State Roadbuilders, Inc., and Reliance for breach of their duties as principal and surety, respectively, under a bond guaranteeing plaintiff payment for materials and labor that it furnished Mid-State Roadbuilders in a highway construction project in Randolph County, Alabama.
Petitioner/defendant Reliance filed a motion to dismiss, or, in the alternative, a motion for transfer. After a hearing on the motion, the trial judge found that "the venue in this case is proper in that Reliance Insurance Company, a corporation, even though it is a foreign corporation, has in fact qualified to do business in Alabama and has done business by agent in Lawrence County, Alabama, hence this is a proper forum for the trial of this lawsuit." Thus, the trial court denied defendant Reliance's motion for a change of venue, and Reliance now petitions us for a writ of mandamus directing the trial judge to transfer the case. *Page 416 
In their briefs, the parties cite, and argue as controlling, a total of three venue statutes and one constitutional section. Petitioner Reliance argues that Ala. Const. 1901, art. XII, § 232, and Code 1975, § 27-24-6, are controlling. Section 232 of Article XII of the Alabama Constitution provides that a foreign corporation "may be sued in any county where it does business, by service of process upon an agent anywhere in the state." Code 1975, § 27-24-6, provides as follows:
 "Any official bond or undertaking executed by a surety insurer may have an action maintained on it in the county of the residence of the principal or in which he resided at the time of the execution of the bond or undertaking, but actions by the state shall be brought in Montgomery county."
Respondents, on the other hand, argue that this action is governed by Code 1975, §§ 6-3-7 and 39-1-1. Section 6-3-7 is the basic venue statute for actions against a foreign corporation, and provides that "[a] foreign corporation may be sued in any county in which it does business by agent." Section 39-1-1 is within the Public Works title of the Code, and contains the following provision:
"(b) . . . .
 "Every person or persons having a right of action on said last described bond as provided in this section shall, upon written application to the authority under the direction of whom such work has been prosecuted, setting out that labor, material, foodstuffs or supplies for such work have been supplied by him or them and that payment therefor has not been made, be promptly furnished a certified copy of said additional bond and contract. Such claimant shall be authorized to bring civil action on said bond in the county in which the work provided for in said contract is to be performed or in any county where the contractor or his surety does business, for his or their use and benefit against said contractor and his surety or either of them." (Emphasis added.)
It is uncontroverted that the principal here did not reside in Lawrence County; therefore, § 27-24-6 is inapplicable. Respondent's theory, then, is that venue is proper in Lawrence County because Reliance was doing business there, and this theory necessarily must be authorized by § 232 of the Constitution and §§ 6-3-7 and 39-1-1 of the Code. As Reliance points out, of course, any of the venue statutes in conflict with § 232 cannot stand. But in construing these statutes in pari materia and with § 232, we find no conflict, so far as this action is concerned.
We note at the outset that the burden is on Reliance, as the movant, to prove that venue is improper in Lawrence County. Exparte Nelson, 448 So.2d 339, 340 (Ala. 1984); Ex parte Wilson,408 So.2d 94, 96 (Ala. 1981). Furthermore, we note that Article XII, § 232, is not permissive, but "is self-executing, mandatory, and restrictive; [§ 232] limits the venue of an action against a foreign corporation which has qualified to do business in Alabama to a county where the corporation is doing business at the time of suit brought and service had." Bolton v. White Motor Co.,239 Ala. 168, 171, 194 So. 510, 512 (1940). Thus, in order to carry its burden, Reliance must prove that it was not conducting business by agent in Lawrence County at the time this lawsuit was filed.
In support of its motion to dismiss, or alternatively, to transfer, petitioner Reliance filed the affidavit of its bond manager, who said:
 "Reliance Insurance Company does not have an agent doing business in Lawrence County, Alabama. Reliance Insurance Company did not have an agent doing business in Lawrence County, Alabama at the time the payment and performance bond which is the subject matter of this litigation was executed."
Reliance produced no witnesses or exhibits at the hearing and offered no other evidence to support its motion for transfer.
Respondent/plaintiff Morris produced three witnesses at the hearing and introduced numerous exhibits in order to counter *Page 417 
Reliance's motion. Some of his evidence is supportive of his position and some of it is not. We need address, however, only one portion of that evidence we found supportive in order to hold that Reliance was doing business in Lawrence County at the time Morris filed this lawsuit.
One of Morris's exhibits was a performance bond given the State of Alabama by West Morgan Water and Fire Protection Authority, as principal, and Reliance, as surety. The State required the bond to guarantee West Morgan's performance and payment in the construction of a water line in Lawrence Countyunder a state right-of-way. An insurance company in Decatur placed the bond with Reliance. A Reliance employee issued the bond from Reliance's offices in Birmingham, Jefferson County, Alabama. The bond was in effect, and Reliance was liable as surety on the bond, when Morris filed the instant lawsuit.
Another of respondent's exhibits consisted of more performance and payment bonds. These bonds were required by the State to guarantee performance and payment of a $2,659,126.88 highway construction project in Lawrence County. Vaughn Contractors, Inc., was the principal on these bonds and Reliance was the surety. At the time Morris filed the instant lawsuit against Reliance, these bonds were still in full force and effect.
For purposes of determining the proper venue of an action involving a foreign corporation qualified to do business in Alabama, we have defined "doing business" as a corporation's performance of "some of the business functions for which it was created." Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235, 1237
(Ala. 1983). Reliance is clearly a corporation which, interalia, regularly obligates itself as surety on performance and payment bonds in Alabama. Thus, we hold that respondent's evidence to the effect that Reliance was obligated as surety, at the time this lawsuit was filed, on several bonds insuring the performance of and payment on two public works projects in Lawrence County was more than minimally sufficient to enable the trial court to conclude that Reliance was doing business in Lawrence County and that venue was proper there.
Reliance's argument for transfer is that it had no agent in Lawrence County at the time Morris filed this action, and therefore, that it was not doing business there. It is not necessary, however, for a corporation to have an agent physically present and conducting business in a county for venue to be proper there.
In 36 Am.Jur.2d Foreign Corporations § 328 (1968), we find the following:
 "A distinction is recognized in cases where the issue is whether a foreign corporation is transacting business in the meaning of statutes prescribing the
 venue of suits. A foreign corporation may be `transacting business' in a district in such a sense as to establish the venue of a suit under a statute providing that suit may be brought in a district in which the corporation `transacts business' if, in fact, in the ordinary and usual sense, it transacts business of any substantial character there, even though not present by agents carrying on business of such a character and in such a manner that it may be said to be `found,' `present,' or `doing business' in the sense that it is there amenable to process upon which jurisdiction to render a personal judgment may be founded. A foreign corporation may be engaged in transacting business in a particular district, within the meaning of a venue statute, notwithstanding that such business may be entirely interstate in character and be transacted by agents who do not reside within the district." (Emphasis added.)
Furthermore, as regards venue, § 232 says nothing about an agent: "Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state." "Agent" is expressly mentioned only with respect toservice of process. Long ago, this Court elaborated on the venue provision of § 232: *Page 418 
 "Article XIV, § 4 [the precursor of Ala. Const., art. XII, § 232], which declares that `No foreign corporation shall do any business, in this State without having at least one known place of business, and an authorized agent or agents therein;' was intended to require foreign corporations to have a `legal and local existence' in the State, which should be `officially exhibited' and acknowledged as such, by having a `known place of business and an authorized agent or agents therein.' The provision of the Constitution was not intended to require of the foreign corporation that no business should be transacted with it, except only at the one known place of business, and through such authorized agent therein; for, after providing that it should have one known place of business, and an agent therein, the same section further provides, `that such corporation may be sued in any county where it does business by service of process upon an agent any where in this State.' Service of process is not limited to the agent `therein,' designated at the known place of business; but may be upon an agent any where in the State; neither did the law intend to require that every `company or corporation not organized under the laws of Alabama,' should have a branch enterprise of its business at the `one known designated place.'" Nelms v. Edinburg American Land Mortgage Co., 92 Ala. 157, 159, 9 So. 141, 141-42 (1890).
We are of the opinion that a corporation might be doing business in every county in this state for purposes of venue, and yet might have only one agent at its "known place of business." We hold, therefore, that proof of an agent physically present in a county is not a prerequisite to a finding that a corporation is doing business in that county. Of course, if a corporation does have an agent physically present in the county, that fact may be evidence of its doing business there.
Admittedly, § 6-3-7 does say that "[a] foreign corporation may be sued in any county in which it does business by agent."
(Emphasis added.) Even if we found that the addition of the words "by agent" in this statute added to the meaning of, and was in conflict with, § 232, we would have to judicially strike them from the statute. Bolton v. White Motor Co., supra.
However, we do not find that the legislature's addition of "by agent" to the statutory pronouncement of § 232 adds anything to the meaning of, or conflicts in any way with, that section. A corporation, being but a legal entity, cannot do business except by agent. Thus, "by agent" is simply an express pronouncement of what was implicit in § 232.
Because we find that Reliance was doing business in Lawrence County at the time Morris filed the instant lawsuit, the trial court was correct in denying Reliance's motion to transfer, and the writ of mandamus to compel the trial judge to transfer is due to be, and it hereby is, denied.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.