MADDOX, Justice.
This is a petition for writ of mandamus, and the issue presented is whether petitioner was doing business in Jefferson County within the meaning of § 232, Alabama Constitution of 1901, and Ala.Code 1975, § 6-3-7, thereby making Jefferson County an appropriate place for the suit to be filed.
Petitioner, Louisiana-Pacific Corporation (“Louisiana-Pacific”), asks this Court to issue a writ of mandamus to the Honorable Ingram Beasley, Judge of the Circuit Court of Jefferson County, requiring him to transfer the instant case from Jefferson County to Barbour County, Montgomery County, or Lee County. We find, as did the trial judge, that venue is properly laid in Jefferson County; therefore, we deny the writ.
Petitioner is a foreign corporation duly qualified to do business in Alabama. It operates a wood processing plant in Barbour County and has an agent for service of process located in Montgomery County. Respondent, Janice Faye Tidwell, as executrix of the estate of Bennie Jerome Tidwell, filed suit against Louisiana-Pacific, Kenneth John Wills, James Hendricks, and various fictitious defendants, in the Circuit Court of Jefferson County. In her complaint she claimed that Louisiana-Pacific’s agents were negligent in the operation of a Lear jet at the Aubum-Opelika airport in Lee County in September 1985, and that as a proximate consequence of that negligence, the Lear jet collided with the experimental aircraft her husband was operating, thereby causing his death.
Louisiana-Pacific filed a motion to transfer the action to Barbour County or Lee County and later amended this motion to include Montgomery County. The trial judge denied the motion for change of venue, and Louisiana-Pacific has filed this petition.
Section 232 of Article XII, Alabama Constitution, provides that a foreign corporation “may be sued in any county where it does business, by service of process upon an agent anywhere in the state.” This section of the constitution is not permissive, but self-executing, mandatory, and restrictive. Section 232 limits the venue of an action against a foreign corporation that has qualified to do business in Alabama to a county where the corporation is doing business at the time suit is brought and service of process is obtained. Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940). Ala.Code 1975, § 6-3-7, provides:
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff’s residence. (Code 1886, § 2642; Code 1896, § 4207; Code 1907, § 6112; Acts 1919, No. 254, p. 240; Code 1923, § 10471; Code 1940, T. 7, § 60.)”
Louisiana-Pacific contends that § 232 and § 6-3-7 require that it be sued only in a county where it does business by agent. Louisiana-Pacific’s first argument for transfer is that it had no agent in Jefferson County at the time Tidwell filed this action, and, therefore, that it was not doing business “by agent” there. This Court has recently addressed this same argument in Ex parte Reliance Ins. Co., 484 So.2d 414 (Ala.1986). There, this Court held that “[I]t is not necessary ... for a corporation to have an agent physically present and conducting business in a county for venue to be proper there.” 484 So.2d at 417. Consequently, Louisiana-Pacific’s argument on this issue is without merit.
Next, Louisiana-Pacific contends that it was not doing business in Jefferson County, by agent or otherwise. Louisiana-Pacific argues that the affidavits and depositions filed in this action establish that it does business in Barbour County and that the collision occurred in Lee County, but that there is no evidence that it was doing business in Jefferson County.
We are of the opinion that the trial judge correctly concluded that Louisi *604 ana-Pacific was doing business in Jefferson County at the time suit was brought. A corporation is doing business in a county if it performs there, with some degree of regularity, some of the business functions for which it was created. Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235 (Ala. 1983). It is clear that Louisiana-Pacific was involved in Jefferson County, with some degree of regularity, in some of the business functions for which it was created. Louisiana-Pacific is a wood products manufacturing company that processes, sells, and delivers its products to various businesses around the country. Frank Denton, the industrial and public relations manager for the southern division of Louisiana-Pacific, testified by deposition that Louisiana-Pacific does business in Jefferson County with Stringfellow Lumber Company, Mid-South Lumber Company, Stephens Building Supply, U.S. Plywood Corporation, United Plywood and Company, and Old South Forest Products Company. According to the deposition of an officer of Mid-South Lumber Company, his company routinely buys wood products from Louisiana-Pacific. This officer produced 21 invoices covering shipments made to Mid-South in Birmingham from January 1982 through February 1986. The evidence shows that Louisiana-Pacific regularly sold and shipped wood products to Jefferson County, and that evidence was sufficient for the trial judge to find that Louisiana-Pacific was doing business in Jefferson County for purposes of determining venue.
Because we find that the trial judge could have found that Louisiana-Pacific was doing business in Jefferson County at the time Tidwell filed suit, the trial judge did not err in denying Louisiana-Pacific’s motion to change venue. The petition is due to be, and it hereby is, denied.
WRIT DENIED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.