On Application for Rehearing

SHORES, Justice.
The opinion issued on July 14, 1995, is withdrawn and the following opinion is substituted therefor.
A judge of the Macon Circuit Court has ordered that 16 pending civil actions filed in Macon County against United Insurance Company of America (“United”), Unitrin, Inc., United Casualty Insurance Company of America, Union National Life Insurance Company, and Union National Fire Insurance Company be transferred to Shelby County for trial. The plaintiffs, whose actions are based on various contract and fraud claims, have petitioned for a writ of mandamus directing the trial judge to set aside his transfer orders. None of the plaintiffs resides in Macon County, although United does business there. The plaintiffs reside in the central Aabama counties of Elmore, Montgomery, Chilton, and Tallapoosa.
The defendants filed a motion to transfer the cases to Shelby County, based on allegations of improper venue and premised upon the assertion that United’s regional manager, George McDonald, resides in Shelby County. The defendants relied on and cited § 6-3-7, Aa.Code 1975,[1] and Ex parte Macon County Greyhound Park, Inc., 634 So.2d 997 (Ala.1993) (venue proper in county where alleged wrongful act occurred, not where resulting nonbodily injuries occurred). In the alternative, the defendants moved for a transfer pursuant to the doctrine oí forum non conve-niens as codified at Ma.Code 1975, § 6-3-21.1.
The plaintiffs argued that the clause in § 6-3-5 providing that “an action against a foreign insurance corporation shall be commenced only in a county where it does business” makes venue proper in Macon County, where United, a foreign corporation, does *207 business. The trial judge concluded that § 6-3-5 did not establish proper venue in Macon County, and he transferred the cases. His transfer order, dated December 22,1994, reads as follows:
“All pending motions with the exception of the motion for class certification were set for argument. Prior to argument, the Court stated that it might be appropriate to dispose of the venue question since the remaining motions would become moot as to the Circuit Court of Macon County in the event venue was transferred. It is stipulated and agreed among the parties that venue is proper in Macon County for the following cases subject to a motion for change of venue based on the concept of forum non conveniens:
“Bloodsaw v. United Ins. Co. of America, et al. CV-93-166; Floyd v. United Ins. Co. of America, et al. CV-93-136; Samu-els v. United Ins. Co. of America, et al. CV-93-135; Smith v. United Ins. Co. of America, et al. CV-93-180; Torbert v. United Ins. Co. of America, et al. CV-93-146.
“For purposes of argument it is also stipulated and agreed that none of the other plaintiffs in the above-styled causes reside in Macon County and that United Insurance Company of America does business in Macon County.
“The above-styled causes sound in fraud. Counsel for plaintiffs argue that Section 6-3-5(a), Code of Alabama 1975, makes venue proper in Macon County. Section 6-3-5(a), provides:
“ ‘Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificate resides, and the summons may be executed by serving a copy of the summons and complaint upon any officer or agent of the insurer; provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business.’
“Counsel for defendants argue that Section 6-3-5(a) has no application in this case since the actions are not ‘action[s] on any such policy or certificate’ and that the general venue rules as to fraud apply. Counsel for plaintiffs argue that the portion following the semi-colon makes venue proper in Macon County and that there should be no distinction drawn between actions ex delicto and [actions] ex contrac-tu. Plaintiffs cite the opinion of the Alabama Supreme Court in [Ex parte Bloodsaw, 648 So.2d 553 (Ala.1994) ], as being dispositive. One of the causes of action in that case is for bad faith refusal to pay. Consequently, at least a portion of that case sounds in contract and is therefore distinguishable from the fraud cases. The Court is of the opinion that the defendants are correct in their argument and consequently their various motions for change of venue are due to be and hereby are granted. Defendants have indicated that their preference of venue is Shelby County. The Court is of the opinion that defendants are entitled to have venue transferred to the county of their preference.
“It is, therefore, ORDERED, ADJUDGED and DECREED that with the exception of the four cases cited in the body of this order, venue of the above-styled cases is transferred to Shelby County. The Circuit Clerk of Macon County shall transfer all documents necessary to perfect said transfer....”
 The writ of mandamus is an extraordinary remedy. One seeking it must show: “(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994). The writ of mandamus will issue to correct an erroneous ruling on a motion to transfer a case. Elmore County Comm’n v. Rogona, 540 So.2d 720 (Ala.1989). The essential question in our consideration of a petition for the writ of mandamus in this context is whether the county in which the action was brought was a proper venue. Id.; Ex parte *208 Wilson, 408 So.2d 94 (Ala.1981); Ex parte Maness, 386 So.2d 429 (Ala.1980).
Whether Macon County is a proper venue for these cases depends on whether a complaint alleging both contract and tort claims against a foreign corporation may be brought in a county in which it does business, even though the plaintiff does not reside there. These plaintiffs are bringing contract and fraud actions against foreign insurance corporations and their agents, directors, and officers. Accordingly, this Court considers § 6-3-5, establishing venue for a civil action by a policyholder against an insurer; § 6-3-7, establishing venue rules for actions against foreign and domestic corporations; and Amendment No. 473, Ala. Const.1901, equating domestic and foreign corporations for purposes of venue.
The plaintiffs, relying on Ex parte City of Fayette, 611 So.2d 1032 (Ala.1992), overruled on other grounds, Ex parte Alabama Power Co., 640 So.2d 921, 924 (Ala.1994); and Ex parte Bloodsaw, 648 So.2d 553 (Ala.1994), argue that venue is proper in Macon County or in any other county where a foreign corporate defendant does business. Neither of these cases is authority for this proposition, and the plaintiffs’ argument fails to acknowledge the significance of Amendment No. 473. The defendants argue that each complaint alleges only personal actions and that § 6-3-7, Ala.Code 1975, makes venue proper only (1) where the plaintiff resides, if the defendant does business there, or (2) where the wrongful act occurred. This argument fails because the complaints allege contract as well as “personal injury” claims under § 6-3-7, and contract claims are not subject to the personal injury clause of § 6-3-7. A review of the statutory history is helpful in resolving this issue.

A. History

In 1886, Alabama’s corporate venue statute, codified at Ala.Code 1886, § 2642, provided that “[a] foreign or domestic corporation may be sued in any county in which it does business by agent.” The statute was first passed on February 13, 1879. Ala.Acts 1879, No. 166, p. 197. In Montgomery Iron Works v. Eufaula Oil & Fertilizer Co., 110 Ala. 395, 20 So. 300 (1896), the Court held that the statute was not mandatory: the language did not exempt a corporation from being sued, in an action not in contract, in a county in which it was not doing business by agent. The Court construed this statute in pari materia with § 2640, prescribing that personal actions, other than those on contracts, could be brought “in the county in which the act or omission complained of may have been done.”
The corporate venue statute appeared unchanged as § 4207, Ala.Code 1896, but the legislature amended the venue provision in 1903 by adding “but all actions for personal injuries must be brought in the county where the injury occurred, or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiffs residence.” Ala.Acts 1903, No. 174, p. 182, codified at Ala.Code 1907, § 6112. The statute did not distinguish between foreign and domestic corporations. The statute required that a personal injury action against a foreign corporation, as well as one against a domestic corporation, be brought in the county in which the injury occurred or in the county of the plaintiffs residence if the corporation did business by agent there. Alabama Great Southern Ry. v. Ambrose, 163 Ala. 220, 50 So. 1030 (1909) (action by administrator based on personal injury resulting in death to his intestate proper only “in county where the injury occurred, or the county where the plaintiff resides”), overruled, Ex parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438 (1917). Other cases construing the statute in this period were American Coal Corp. v. Roux, 192 Ala. 574, 68 So. 970 (1915), holding that, for personal injury actions, § 6112 made venue proper in the county where the injury occurred, regardless of whether the corporation did business by agent in that county and regardless of plaintiffs residence; and Drennen Motor Car Co. v. Evans, 192 Ala. 150, 155-56, 68 So. 303, 305 (1915), holding that venue of all personal actions, other than those for personal injuries, against a domestic corporation, is: (1) in the county of the residence or of the situs of the corporation; or (2) in the county where such corporation does business by agent; or *209 (3) in the county in which the act or omission complained of may have been done or may have occurred.
In Ex parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438 (1917), this Court held that, because the Alabama Constitution of 1901, § 232, expressly provided for statewide venue of actions against foreign corporations,[2] the legislature had no power to limit or expand venue in personal injury actions against a foreign corporation to the county of the injury or to the county of the plaintiffs residence, thus nullifying the statutory amendment of 1903. Later, in 1919, the legislature again amended the statute to provide that a domestic or foreign corporation could be sued not only “in any county in which it does business by agent,” but also in any county in which it “was doing business by agent at the time the cause of action arose.” Ala.Acts 1919, No. 254, p. 240. Codified at Ala.Code 1923, § 10471, then, was the following (with the modified portions emphasized):
“A foreign or domestic corporation may be sued in any county in which it does business by agent, or was doing business by agent at the time the cause of action arose; but all actions against a domestic corporation for personal injuries must be brought in the county where the injury occurred, or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiffs residence.”
The language of the primary clause still conflicted with § 232, however. In Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940), this Court held that § 232 limits venue of actions against a foreign corporation to a county where the corporation is doing business at the time the action is brought and service is had. Bolton, 239 Ala. at 171, 194 So. at 512. Accordingly, the statute as reenacted at Ala.Code 1940, Title 7, § 60, read (with the modified portion emphasized):
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; but all actions against a domestic corporation for personal injuries must be brought in the county where the injury occurred or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiffs residence.”
In 1955, the legislature adopted an act applicable only to insurers. Ala.Acts 1955, No. 365, p. 886. The act was codified at Ala.Code 1940 (Recomp.1958), Title 7, § 56(1):
“Any person, firm, or corporation that issues policies or certificates of insurance of any kind shall be suable on any such policy or certificate in the county where the holder of the policy or certificate resides, and the summons may be executed by serving a copy of the summons and complaint upon any officer or agent of the insurer; provided, that a foreign insurance corporation shall be sued only in a county where it does business. For the purpose of this section, any of the following acts effected by mail or otherwise shall constitute doing business within the county: (1) The making, issuance, or delivery of contracts of insurance to residents of the county; (2) the solicitation of applications for such contracts; (3) the collection of premiums, membership fees, assessments or other considerations for such contracts; (4) any other transaction of insurance business.”
Section 2 of the Act provided that “[a]ll laws or parts of laws which conflict with this Act are repealed.” The general venue statute for corporations remained unchanged.
The two statutes have been changed slightly by the legislature since 1958. The general corporate venue statute, codified at Ala.Code 1975, § 6-3-7, provides:
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must *210 be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence.”
(Emphasis added; the “provided, that” replaced “but”). The insurance corporation statute (currently § 6-3-5) provides:
“(a) Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action [this phrase replaces ‘shall be sua-ble’] on any such policy or certificate in the county where the holder of the policy or certificate resides, and the summons may be executed by serving a copy of the summons and complaint upon any officer or agent of the insurer; provided, however, [the emphasized word was added] that an action against a foreign insurance corporation shall be commenced only in a county where it does business.
“(b) For the purpose of this section, any of the following acts effected by mail or otherwise shall constitute doing business within the county:
“(1) The making, issuance, or delivery of contracts of insurance to residents of the county;
“(2) The solicitation of applications for such contracts;
“(3) The collection of premiums, membership fees, assessments, or other considerations for such contracts; or
“(4) Any other transaction of insurance business.”
(Emphasis added).
Significant to the operation of these statutes is Amendment No. 473, amending § 232 of the Alabama Constitution; that amendment was ratified April 1,1988. This amendment equates domestic and foreign corporations for purposes of venue. See Ex parte Allen, 655 So.2d 962 (Ala.1995); Ex parte Townsend, 589 So.2d 711 (Ala.1991); Ex parte Southern Ry., 556 So.2d 1082, 1091 (Ala.1989). With the language added by the 1988 amendment emphasized, § 232 of the Constitution now provides:
“No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without fifing with the secretary of state a certified copy of its articles of incorporation or association. Any foreign corporation, whether or not such corporation has qualified to do business in this state by filing with the secretary of state a certified copy of its articles of incorporation or association, may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation. The legislature shall, by general law, provide for the payment to the state of Alabama of a franchise tax by such corporation, but such franchise tax shall be based on the actual amount of capital employed in this state. Strictly benevolent, educational, or religious corporations shall not be required to pay such a tax.”
(Emphasis added). This emphasized language replaced a sentence reading “Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state.” For a discussion of the history of Amendment No. 473, see Robert D. Hunter, Alabama’s 1987 Tort Reform Legislation, 18 Cumb.L.Rev. 281 (1988).

B. Application to these Cases

Venue, as distinguished from jurisdiction, is a legislative determination based upon the presumed convenience of the parties. Ingram v. Omelet Shoppe, Inc., 388 So.2d 190 (Ala.1980). In Alabama, “the venue of actions is governed by statute, and only in the event of inconsistency in statutory provisions, by Rule 82.” Ex parte Lashley, 596 So.2d 890, 891 (Ala.1992).[3] We do not find an inconsistency, but, even if we did, we would note the mandate of § 6.11 of the Judicial Article, which requires this Court to promulgate rules of procedure that “shall not *211 abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein.” We find no inconsistency in the operation of §§ 6-3-5 and 6-3-7 that would require us to refer to procedural rules.
Section 6-3-5 is specifically related to insurance companies. This specific statute would apply exclusively to these cases if it conflicted with § 6-3-7, the general corporate venue statute. See Crawford v. Sprin-gle, 631 So.2d 880 (Ala.1993) (where statutes in pari materia are general and specific, the more specific statute controls the more general statute). This Court finds no conflict between § 6-3-5 and § 6-3-7; accordingly, these corporate venue statutes should be read in pari materia. Cf. Ex parte New England Mutual Life Insurance Co., 663 So.2d 952 (Ala.1995) (holding that § 6-3-5 does not exclusively govern contract actions against an insurance corporation and that § 6-3-7 does not exclusively govern personal injury actions against an insurance corporation); Opinion of the Justices No. 599 So.2d 1166 (Ala.1992) (statutes must be construed together in light of their application to the same general subject matter); Associated Grocers of Alabama v. Graves Co., 272 Ala. 158, 130 So.2d 17 (1961) (construing predecessor of § 6-3-7 in pari materia with predecessor of § 6-3-2). This holding conforms with the legislative intent: in 1955, the legislature enacted § 6-3-5 and provided that inconsistent laws would be repealed; yet, § 6-3-7 remained unmodified and continues to be recodified. We conclude that the legislature intended these statutes to operate together, and not either to the exclusion of the other. Ex parte Jones Mfg. Co., 589 So.2d 208 (Ala.1991) (statutes should be construed together so as to harmonize provisions as far as practical).
In construing these statutes together, this Court observes that fundamental to statutory analysis is the principle that each part of the statute be given effect. Michael v. Beasley, 583 So.2d 245 (Ala.1991). Amendment No. 473 changes the application of the corporate venue statutes. Each section, however, has some field of operation. See Ex parte Employees’ Retirement System of Alabama, 644 So.2d 943 (Ala.1994) (in applying the clear meaning of a statute, a court must look at the entire statutory scheme rather than at isolated phrases or clauses); Robinson v. State, 361 So.2d 1113 (Ala.1978) (it cannot be presumed that the legislature used language without any meaning or application).

1. Section 6-S-5

The language of § 6-3-5, which was first passed in 1955 and which has been amended only technically since, does not reflect a legislative intent to restrict a plaintiffs choice of venue. The fact that § 6-3-5 was intended to be supplemental to § 6-3-7 can be seen by the title: “Relating to civil remedies and procedure: to provide further for venue in actions on policies or certificates of insurance.” Ala.Acts 1955, No. 365, p. 886 (emphasis added). This intent is also evident in the language of the statute. Ala.Code 1940 (Recomp.1958), Title 7, § 56(1), provided:
“Any person, firm, or corporation that issues policies or certificates of insurance of any kind shall be suable on any such policy or certificate in the county where the holder of the policy or certificate resides, and the summons may be executed by serving a copy of the summons and complaint upon any officer or agent of the insurer; provided, that a foreign insurance corporation shall be sued only in a county where it does business.”[4]
The use of the word “shall” does not require the plaintiff to bring an action only in her county of residence. The grammatical structure of the statute shows that “shall be sua-ble” is the predicate and that its subject is “any person, firm or corporation.” The word “shall,” therefore, does not reflect an inten *212 tion to restrict the plaintiff. If this statute were intended to be exclusive, the legislature would have used the language “shall be sua-ble ... only in the county where the holder of the policy or certificate resides,” or would have stated that actions against insurers “must be commenced ... in the county where the holder of the policy or certificate resides.”
In construing § 6-3-5 in pari mate-ria with § 6-3-7, it is important to recognize that, in 1955, § 232 of the Constitution both allowed actions against a foreign corporation in any county where it did business by agent[5] and also prohibited the legislature from limiting or expanding venue of actions against a foreign corporation. Ex parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438 (1917). Also significant is the fact that in 1955 this Court interpreted the phrases “does business” in § 232 of the Constitution and “does business by agent” in the precursor of § 6-3-7 restrictively,[6] with the effect that a corporation needed an established presence in a county for venue to be proper there. Harrub v. Hy-Trous Corp., 249 Ala. 414, 31 So.2d 567 (1947) (a foreign corporation establishes presence in the state or a county by the presence of officers or agents therein performing its corporate functions); Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940) (solicitation of business in Tuscaloosa County by agents of foreign corporation residing in Jefferson County does not constitute “doing business by agent” in Tuscaloosa County for purposes of venue); Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941 (1894) (accord, Harrub, supra). With these points in mind, one can see the enactment of § 6-3-5 as intended to supplement, not to replace, § 6-3-7 as to corporate insurers. Section 6-3-5 affected venue of actions against domestic corporate insurers by allowing proper venue in the county of the policyholder’s residence under an expanded concept of whether the insurer was doing business in that county, rather than the restrictive concept of “doing business by agent” applied under the precursor of § 6-3-7.[7] The legislature acknowledged the limitation of § 232 on its power to expand or limit venue of actions against foreign corporations by adding the proviso reading “that an action against a foreign insurance corporation shall be commenced only in a county where it does business.” Thus, by allowing an action against an insurer in the county of the policyholder’s residence, the legislature was not purporting to allow an action against a foreign corporation other than in a county in which it does business.
Section 6-3-5 merely provides that venue shall be proper in the county of the plaintiffs residence, with the exception that venue of an action against a foreign insurance corporation is proper only where that corporation does business. As previously noted, the proviso regarding foreign insurance corporations indicates the legislature’s acknowledgment of *213 § 232 of the Alabama Constitution. At most, this proviso expanded venue of actions against a foreign corporate insurer to the extent that the precursor of § 6-3-7 purported to limit venue of actions against a foreign corporation to those counties in which it did business “by agent”; this is because the proviso of § 6-3-5 does not include the phrase, “by agent.” This change in the language might have been purposeful: the language of § 232 does not require the restrictive interpretation given the phrase “by agent” in § 6-3-7. Cf. Ex parte Reliance Ins. Co., 484 So.2d 414, 418 (Ala.1986) (legislative use of “by agent” adds nothing to meaning of § 232 but rather expresses the implicit principle in § 232 “that a corporation, being but a legal entity, cannot do business except by agent”). Because the legislature was prohibited by § 232 from limiting venue against foreign corporations, the precursor of § 6-3-7 could not have limited such venue by addition of the phrase “by agent” to § 232’s use of the phrase “does business.” In short, the 1955 legislation did not affect venue of actions against foreign corporate insurers, except perhaps to authorize a somewhat more expansive interpretation of what constituted a corporation’s “doing business” in a county.
This construction does not conflict with Amendment No. 473, equating foreign and domestic corporations for purposes of venue, because this amendment did nothing to change the law of venue as to domestic corporations. Amendment No. 473 simply allows venue against foreign corporations “only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation.” The plaintiffs argue that the § 6-3-5 proviso reading “provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business” creates an exception to the language in § 6-3-7 that restricts venue of personal injury actions against corporations. Interpreting that proviso in § 6-3-5 as the plaintiffs do, however, would allow the very thing Amendment No. 473 prohibits: it would allow a personal injury action against a foreign corporate insurer in any county in which that corporation did business, even though an identical personal injury action against a domestic corporate insurer could be brought only in the county where the injury occurred or in the county where the plaintiff resides, if the corporation did business there. Accordingly, this Court holds that § 6-3-5 makes venue proper in the county of the plaintiffs residence, if the defendant insurance company is “doing business” there, as defined by § 6—3—5(b).

2. Section 6-S-7

Section 6-3-7 has three parts. The first, concerning foreign corporations, provides that “[a] foreign corporation may be sued in any county in which it does business by agent.” Amendment No. 473, equating foreign and domestic corporations for purposes of venue, does not render this first part without effect, because of the second part of § 6-3-7: “a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose.” Amendment No. 473 affects these first two clauses of § 6-3-7 by allowing actions to be brought in any county in which the foreign corporation was “doing business by agent at the time the cause of action arose” as well as in any county in which the foreign corporation “does business by agent.” This construction allows the statute to apply equally to domestic and foreign corporations, as Amendment No. 473 prescribes.
By virtue of Amendment No. 473, the last part of § 6-3-7, providing “that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business in the county of the plaintiffs residence,” also applies to actions brought against foreign corporate defendants. Accordingly, Amendment No. 473 affects § 6-3-7 by making the clause on personal injury actions applicable to actions against foreign corporations as well as to actions against domestic corporations. This clause is an exception to the general rule that actions may be brought in any county in which the corporation does business by agent *214 or was doing business by agent at the time the cause of action arose.
The personal injury clause has been termed a “proviso” by this Court. Ex parte Townsend, 589 So.2d 711 (Ala.1991). The restrictive scope of this proviso has not been fully decided by this Court, nor has it been made clear by the legislature, as it relates to complaints that allege personal injury claims along with claims that are outside the scope of the proviso. It is proper, then, to strictly construe this proviso. Pace v. Armstrong World Industries, Inc., 578 So.2d 281 (Ala.1991) (if restrictive scope of proviso is in doubt, proviso is strictly construed, and only those subjects expressly restricted are freed from operation of statute); State Farm Mut. Auto. Ins. Co. v. Martin, 292 Ala. 103, 289 So.2d 606 (1974) (a proviso limits or modifies the enacting clause and should be strictly construed in accord with the general purpose of the enactment). The exception concerning personal injury actions would swallow the rule that venue of actions against corporations lies in any county in which the corporation does business by agent if this Court held that all “personal” actions are covered by the proviso, which uses the term “personal injury.” Mobile Liners, Inc. v. McConnell, 220 Ala. 562, 126 So. 626 (1930) (any doubts about exception or proviso in statute must be judged on assumption that rule is broader than exception). The Court has recognized that venue for personal injury actions is limited by § 6-3-7 and thus holds that the proviso precludes application of the general rule in § 6-3-7 where the plaintiff is bringing only a personal injury action.
On the other hand, if the plaintiff is bringing several claims properly joined, and at least one of them is not a personal injury claim, then the proviso does not operate to require the plaintiff to bring the action in either the county where the wrongful act occurred or the county in which the plaintiff resides, if the corporation does business by agent there. At common law, the joinder of contract claims and tort claims was allowed. See Pyle v. Pizitz, 215 Ala. 398, 401, 110 So. 822, 824 (1926), holding it was not grounds for objection to a complaint, as a whole, that it contained some tort claims and some contract claims, since the claims arose out of the same subject matter. Because § 6-3-7 subjects a domestic corporation (and, through Amendment No. 473, a foreign corporation) to a civil action involving a contract claim in any county in which it does business, venue as to those cases involving contract claims is proper in Macon County, at least as to United Insurance Company of America, which does business in Macon County.[8]
Additionally, because venue is proper in Macon County as to United Insurance Company of America and because that corporation is a defendant in each action, the plaintiffs may join in their Macon County actions against that defendant their claims against the other defendants, regardless of where the individual defendants reside. See Louisville & N.R.R. v. Strickland, 219 Ala. 581, 122 So. 693 (1929) (under the common law, a joint, or joint and several, action may be brought in a county having jurisdiction of either defendant, whether that defendant is an individual or a corporation (Code 1923, § 9418)). See also Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228 (1962) (in wrongful death action, because venue was proper as to corporate defendant doing business in county where action was brought, venue was proper there also as to individual defendants who resided elsewhere); Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663 (1906).
Fraud is a “personal injury” for purposes of venue. See Ex parte SouthTrust Bank, 619 So.2d 1356, 1357 (Ala.1993); Ex parte TranSouth Financial Corp., 608 So.2d 385, 386 (Ala.1992). The proviso in § 6-3-7 *215 restricts personal injury actions to the county in which the wrongful act occurred or to the county where the plaintiff resides, if the corporation “does business by agent” in that county. Each complaint alleging only personal injury claims must be transferred to the county of the plaintiff’s residence, unless the wrongful acts occurred in some other county. Regardless of the counties in which the individual defendants reside, venue in those counties where the plaintiffs live (or in the counties in which the wrongful acts occurred) is proper as to all defendants. See Louisville & N.R.R. v. Strickland, 219 Ala. 581, 122 So. 693 (1929) (under the common law, a joint, or joint and several, action may be brought in a county having jurisdiction of either defendant, whether that defendant is an individual or a corporation (Code 1923, § 9418)).
To summarize, § 6-3-5 makes venue proper in the counties where these plaintiffs reside, regardless of the claims alleged in their complaints, and that section defines “doing business” for purposes of the provisions of that section. Any complaints alleging contract claims were properly filed in Macon County, under § 6-3-7; any complaints alleging personal injury claims only are subject to the clause in § 6-3-7 that limits personal injury actions against domestic corporations (and, through Amendment No. 473, foreign corporations) either to the county of the plaintiffs residence or to the county where the wrongful act occurred. Therefore, the trial judge is directed to vacate his order of December 22,1994, transferring the petitioners’ pending civil actions against United Insurance Company of America and others to the Circuit Court of Shelby County. He must then determine which complaints contain both contract claims and personal injury claims. Those complaints alleging only personal injury actions must be transferred, as the proviso in § 6-3-7 requires.
APPLICATION OVERRULED; OPINION OF JULY 14, 1995, WITHDRAWN; OPINION SUBSTITUTED; WRIT ISSUED.
ALMON, INGRAM, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., dissent.

. Section 6-3-7 provides:
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the counfy of the plaintiff’s residence.”

. Amendment No. 473 changed § 232 so that venue of actions against a foreign corporate defendant is proper where venue would be proper for an action against a domestic corporation.

. We do not rely on Rule 82 for our decision in this case, and although Roland Pugh Min. Co. v. Smith, 388 So.2d 977, 979 (Ala.1980), deals with venue as to multiple defendants, this Court properly noted in that case that "Rule 82(c), A.R.C.P., simply restates the statutes as heretofore construed by this Court.”

. In the current statute, § 6-3-5, subsection (a) provides:
"Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on any such policy or certificate in the county where the holder of the policy ... resides ...; provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business.”

.Before the adoption of the Constitution of 1901, this Court had construed the precursor of § 232, holding that Code 1886, § 2642, “in so far as it relates to foreign corporations, is merely affirmatoiy of the constitution." Sullivan v. Sullivan Timber Co., 103 Ala. 371, 373, 15 So. 941, 941 (1894). Then, as now, the constitution did not include the phrase "by agent," but the statute did. The Court deemed this difference immaterial: "When a foreign corporation 'does business' within the State, of necessity the business is done by and through agents; and the necessity is recognized by the constitution and by the statute.” Id., 103 Ala. at 379, 15 So. at 944. The framers of a constitution are presumed to have known of a pre-existing decision of this Court construing a constitutional provision. Board of Revenue of Jefferson County v. State ex rel. City of Birmingham, 172 Ala. 138, 149, 54 So. 757, 760 (1910). Thus, after the adoption of the 1901 Constitution, the Court continued to require, both as to foreign corporations and as to domestic corporations, that the corporation be doing business "by agent" in a particular county for venue to be proper in that county.

. The phrase "doing business by agent” has been interpreted less restrictively in recent cases. Tidwell v. Louisiana-Pacific Corp., 517 So.2d 602, 603 (Ala.1987) (unnecessary for a corporation to have an agent physically present and conducting business in a county for venue to be proper there); accord, Ex parte Reliance Ins. Co., 484 So.2d 414, 417 (Ala.1986). This less restrictive application derives from the expansion of the concept of personal jurisdiction over corporations that began with International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

. Section 232 does not apply to domestic corporations. Harris v. Elliott, 111 Ala. 421, 171 So.2d 237 (1965).

. United Insurance Company of America is a subsidiary of the defendant Unitrin, Inc. The other corporate defendants, United Casualty Insurance Company, Union National Life Insurance Company, and Union National Fire Insurance Company, are wholly owned subsidiaries of United Insurance Company of America. The defendant George McDonald is United Insurance Company's regional manager in Alabama; one group of individual defendants are current or former employees of one or more of the defendant corporations; the remaining individual defendants are officers or directors of one or more of the defendant corporations.